Thomas R. LOVELL III, Appellant,

v.

Stanley M. HENG, as Adjutant General of the Nebraska National Guard and individually; Gale A. Shields, as Chief of Staff of the Nebraska Army National Guard and individually; Larry K. Eckles, as Director of Military Personnel and Administration for the Nebraska Army National Guard and individually; Thomas P. Kay, as a Lt. Colonel in the Nebraska Army National Guard and individually; Kay A. Orr, Governor of the State of Nebraska and Commander in Chief of the Nebraska National Guard; State of Nebraska; and the National Guard Bureau, Appellees.

Thomas R. LOVELL III, Appellee,

v.

Stanley M. HENG, as Adjutant General of the Nebraska National Guard and individually; Gale A. Shields, as Chief of Staff of the Nebraska Army National Guard and individually; Larry K. Eckles, as Director of Military Personnel and Administration for the Nebraska Army National Guard and individually; Thomas P. Kay, as a Lt. Colonel in the Nebraska Army National Guard and individually; Kay A. Orr, Governor of the State of Nebraska and Commander in Chief of the Nebraska National Guard; State of Nebraska; and the National Guard Bureau, Appellants.

Nos. 89–1492, 89–1591.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 26, 1989.

Decided Nov. 17, 1989.

Donald B. Stenberg, Lincoln, Neb., for appellant.

Col. Walter E. Zink, II, Lincoln, Neb., for appellees.

Before LAY, Chief Judge, ROSS, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Thomas R. Lovell, III appeals a district court decision dismissing his 42 U.S.C. § 1983 claims against certain Nebraska Army National Guard officers, the State of Nebraska and the National Guard Bureau (collectively referred to as appellees) challenging his involuntary removal from his full-time position in the Active Guard Reserve (AGR) program of the Nebraska National Guard. Appellant brought this action in federal district court[1] pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988, seeking, among other things, declaratory and injunctive relief in the form of reinstatement, as well as damages for his allegedly unlawful discharge from the AGR program. The complaint alleged that the discharge violated appellant's first amendment right to free speech and his constitutional right to a due process hearing.

Appellant Lovell served as a State Retention Noncommissioned Officer in the Active Guard Reserve and was responsible for improving retention of men and women in the Nebraska Army National Guard. On December 21, 1987, Adjutant General Stan-

---

1. The Honorable Warren K. Urbom, United States District Court Judge for the District of Nebraska.

ley M. Heng appointed appellant to a new three-year tour of duty in the AGR program for the period of March 1, 1988 through February 28, 1991.

On January 27, 1988, appellant testified before the Government, Military and Veterans Affairs Committee of the Nebraska Legislature opposing the legislative confirmation of the appointment of Adjutant General Heng. Appellant testified that he opposed the confirmation of Heng because, among other things, Adjutant General Heng had harassed him, had ordered him not to talk to the news media and had done nothing to prevent the sexual harassment of women in the Nebraska Guard.

On June 24, 1988, Adjutant General Heng ordered appellant's involuntary termination from AGR status effective June 29, 1988. On July 14, 1988, appellant filed the present action in the federal district court alleging, among other things, that he had been terminated in retaliation for his testimony before the legislative committee. Appellant did not avail himself of his right to appeal to the Army Board for the Correction of Military Records (ABCMR), which is responsible for awarding back pay, retirement benefits, and other compensatory measures in cases of alleged inequitable military personnel actions.

The district court dismissed the claim against the National Guard Bureau, the federal appellee, as not stating a basis for jurisdiction. The district court also dismissed appellant's claim for damages against the state defendants as barred by the Supreme Court's decision in *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983).[2] The court dismissed all of the remaining claims for appellant's failure to exhaust available administrative remedies. Based on our court's recent decision in *Watson v. Arkansas Nat'l Guard,* 886 F.2d 1004 (8th Cir.1989), we dismiss appellant's claims as nonjusticiable.

In *Watson,* an Arkansas National Guardsman filed suit against the Guard and various military personnel pursuant to 42 U.S.C. §§ 1981 and 1983 alleging wrongful discharge on the basis of his race. Relying on the Supreme Court's decisions in *Feres v. United States,*[3] 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and *Chappell v. Wallace, supra,* another panel of this court found that Watson's claim for reinstatement to the Guard was nonjusticiable. The court reasoned that the policies underlying *Feres* and *Chappell,* which bar claims for damages by military personnel against their superior officers, apply with equal force to suits for injunctive relief. The Eighth Circuit stated that "the equitable relief [reinstatement] sought by Watson would require a highly intrusive judicial inquiry into personnel decisions that bear upon the readiness of the military to perform its mission." *Id.* at 1008. "The threat to the 'special nature of military life' is present regardless of the remedy the soldier seeks." *Id.* The court went on to note that "[a]llowing military personnel to seek to overturn military decisions by means of suits for injunctive relief in the civilian courts 'would plainly be inconsistent with Congress' authority in this field.'" *Id.* at 1009 (quoting *Chappell, supra,* 462 U.S. at 304, 103 S.Ct. at 2367). The court concluded that Watson's claim for reinstatement as a member of the Guard must be considered nonjusticiable and accordingly ordered that the claim be dismissed with prejudice. *Id.*[4]

---

**2.** *Chappell v. Wallace,* 462 U.S. 296, 305, 103 S.Ct. 2362, 2368, 76 L.Ed.2d 586 (1983), held that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."

**3.** In *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Supreme Court held that the United States is not liable under the Federal Tort Claims Act for injuries to military personnel which arise out of or in the course of activity incident to military service.

**4.** In reaching its decision, the court relied in part on the Fifth Circuit's decision in *Crawford v. Texas Army National Guard,* 794 F.2d 1034 (5th Cir.1986). In *Crawford,* the court held that an "injunctive-relief exception to *Chappell* ... could swallow *Chappell*'s rule of deference.... [S]uits for injunctive relief, like those for monetary damages, must be carefully regulated in order to prevent intrusion of the courts into the military structure." *Id.* at 1036–37.

Our court's decision in *Watson* is controlling in the case presently before us. Therefore, we find that the Supreme Court's decision in *Chappell* bars not only appellant's claim for damages but also his claim for injunctive relief. Appellant's claims are thereby dismissed as nonjusticiable. We note that such dismissal is without prejudice to the reviewability of any future actions taken by the Army Board for the Correction of Military Records.