**Craydeen TOWNSEND, Plaintiff,**

v.

**Howard J. SEURER, and Thomas W. Brown, as individuals and as employees of the State of Minnesota, Defendants.**

**No. 3–91 CIV 631.**

United States District Court,
D. Minnesota,
Third Division.

May 11, 1992.

Hersch Izek, F. Clayton Tyler Law Office, Minneapolis, Minn., for plaintiff.

Jocelyn Olson, Minnesota Attorney General's office, St. Paul, Minn., for defendants.

## ORDER

ALSOP, Chief Judge.

The above-entitled action comes before the court upon defendant's motion to dismiss for failure to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Because this court finds that plaintiff's fed-

eral claims are barred by the doctrine announced in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and that this court has no subject matter jurisdiction over the pendent state law claims once the federal claims are dismissed, defendants' motion to dismiss will be granted.

## I. *Factual Background*

Plaintiff Craydeen Townsend alleges that on October 2, 1989, at approximately 12:15 p.m., he was verbally abused and physically assaulted by two security guards at the Minnesota Air National Guard installation. Townsend, a member of the Minnesota Air National Guard, approached the Minnesota Air National Guard main gate in his car, en route to a cargo loading class as part of his duties as a member of the National Guard. Townsend alleges that at least three cars, all driven by Caucasians, entered ahead of him without being detained. Defendant Howard Seurer was on duty at this time at the main gate working as a security guard. He was employed by the State of Minnesota as a civilian employee. Townsend alleges that when his car reached the main gate, defendant Seurer requested his identification. After he produced his identification, Townsend alleges that Seurer began to verbally abuse him and made disparaging remarks about Townsend's race. Townsend is African–American; Seurer and defendant Thomas Brown are Caucasians. After Seurer began berating him, Townsend alleges he left his vehicle and began to proceed to the classroom building, approximately one-half mile from the main gate. At that time, defendant Brown approached Townsend and began to verbally abuse him as well. Brown also was on duty as a civilian employee of the State of Minnesota, working as a security guard at the Minnesota Air National Guard installation.

Shortly thereafter, plaintiff alleges that Seurer joined Brown and both began to verbally abuse him, shove him, and assault him. Specifically, Seurer allegedly kicked Townsend in the groin and hit him in the head with a two-way radio. Both defendants also allegedly threatened Townsend with a gun. Defendants then allegedly violently handcuffed Townsend and illegally arrested and detained defendant. Following the incident, the Air Force Office of Special Investigations conducted an investigation, and as a result, defendant Seurer was terminated as a security guard, for among other things, the unauthorized use of a firearm.

Townsend commenced this action on October 11, 1991, alleging federal constitutional violations and violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1988. In addition, plaintiff pleads several pendent state law claims based on the Minnesota Constitution, Minnesota Human Rights Act, other state statutes, and several common law causes of action.

## II. *Analysis*

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). First, defendant argues that the complaint fails to state a claim for which relief may be granted because all of Townsend's claims are barred under the doctrine announced in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Second, defendant argues that because Townsend's federal claims fail under *Feres,* this Court lacks jurisdiction over Townsend's state law claims. Plaintiff argues that this court should deny defendants' motion to dismiss because the *Feres* doctrine has not been expanded to cover suits against state civilian employees.[1]

At issue in this motion is whether the *Feres* doctrine bars suits against state civilian employees for injuries arising out of service in the military. A discussion of the background of the *Feres* doctrine's origins and its subsequent expansion helps illuminate this court's holding. Generally, under the common law doctrine of sovereign immunity, the United States may not

1. Both parties also address whether several of plaintiff's state law claims are barred by the applicable statute of limitations and whether several of the state claims provide for a private cause of action; however, because the court finds the *Feres* doctrine controls this action, the court finds it unnecessary to resolve these issues.

be sued unless federal legislation authorizes the suit. One of the major federal statutes authorizing suit against the United States is the Federal Tort Claims Act of 1946 ("FTCA"), under which the federal government may be sued for the negligent torts of its employees acting within the scope of their employment. 28 U.S.C. §§ 1346, 2671–2678, 2680. The FTCA explicitly states thirteen exceptions to its waiver of sovereign immunity where the United States may not be sued for tort liability.

In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court created an additional exception to the FTCA's waiver of sovereign immunity. In *Feres*, the Court considered three cases in which "each claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces" and sued the United States under the FTCA. 340 U.S. at 138. The Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. After its initial announcement in *Feres*, the doctrine has been expanded beyond a mere exception to the FTCA's waiver of sovereign immunity to bar other federal and state law claims for injuries arising out of military service against the United States, federal governmental employees acting in their individual capacity, and federal civilian employees.

In *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), for instance, the Court considered whether the *Feres* doctrine barred a suit alleging constitutional violations brought by several enlisted Navy personnel against their commanding officers. The suit was brought against the officers in their individual capacity under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which permits a suit for damages against federal officials whose actions violate an individual's constitutional rights, even though Congress has not expressly authorized such suits. The claimants in *Chappell* sought damages, declaratory judgment, and injunctive relief for alleged racial discrimination in their assignments and evaluations. 462 U.S. at 297, 103 S.Ct. at 2364. The Court found that "[t]he special nature of military life—the need for unhesitating and decisive action by military officers and equally disciplined response by enlisted personnel—would be undermined by a judicially created remedy exposing officers to personal liability at the hands of those they are charged to command." *Id.* at 304, 103 S.Ct. at 2367. Although the Court rested its analysis on the "special factors counselling hesitation" in fashioning of a *Bivens*-type action, it explicitly noted that "the Court's analysis in *Feres* guides our analysis in this case." *Id.* at 299, 103 S.Ct. at 2365. The Court held that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Id.* at 305, 103 S.Ct. at 2368.

The Eighth Circuit has extended the logic of *Chappell* to actions brought against National Guard officers under 42 U.S.C. §§ 1981 and 1983.[2] The *Feres* doctrine "has been extended to immunize military defendants in their individual capacities.... [and] is also applicable to members of the National Guard." *Brown v. United States*, 739 F.2d 362 (8th Cir.1984), *cert. denied*, 473 U.S. 904, 105 S.Ct. 3524, 87 L.Ed.2d 650 (1985) (citations omitted). Thus, regardless of whether the suit is brought against the state National Guard and individual Guard personnel or against the United States and individual Guard personnel, the *Feres* doctrine will bar the action. *See, e.g., Watson v. Arkansas Nat'l. Guard*, 886 F.2d 1004, 1007 (8th Cir.1989); *Brown v. United States*, 739 F.2d 362, 367 (8th Cir.1984), *cert. denied*, 473 U.S. 904,

**2.** Actions taken by National Guard personnel of a particular state are considered state action within the meaning of the Fourteenth Amendment, and therefore suits alleging constitutional violations by The Guard and its personnel are brought under § 1983. *See Watson v. Arkansas Nat'l. Guard*, 886 F.2d 1004, 1007 (8th Cir.1989).

105 S.Ct. 3524, 87 L.Ed.2d 650 (1985).[3] In addition, in *Lovell v. Heng*, 890 F.2d 63 (8th Cir.1989), the court held that the *Feres* doctrine barred a claim brought under § 1985.

In addition to barring suits based on statutes other than the FTCA, the *Feres* doctrine has been expanded in subsequent case law to immunize federal civilian employees as well as military personnel from actions for injuries arising from military service. In *United States v. Johnson*, 481 U.S. 681, 682, 107 S.Ct. 2063, 2064, 95 L.Ed.2d 648 (1987), the Court considered whether the *Feres* doctrine "bars an action under the FTCA on behalf of a service member killed during the course of an activity incident to service, where the complaint alleges negligence on the part of civilian employees of the Federal Government." The Court examined the three broad rationales underlying the *Feres* doctrine, finding each supported holding that the doctrine barred a suit against civilian employees of the federal government. First, the Court found that allowing a claimant to recover merely because of the "fortuity of the situs of the alleged negligence" made no sense. *Id.* at 689, 107 S.Ct. at 2068. Rather, the Court found that the federal character of the relationship between the federal government and members of armed services directed that the federal remedy for injuries arising from this relationship be "simple, certain, and uniform." *Id.*

Second, the Court noted the existence of statutory disability and death benefits available under the Veteran Benefits Act. These "swift and efficient" statutory veterans' benefits "provid[e] an upper limit of liability for the Government as to service-connected injuries." *Id.* (quoting *Stencel*

*Aero Engineering Corp. v. United States*, 431 U.S. 666, 673, 97 S.Ct. 2054, 2058, 52 L.Ed.2d 665 (1977)). Finally, the Court indicated that this type of claim, "if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." *Id.* at 690, 107 S.Ct. at 2069 (quoting *United States v. Shearer*, 473 U.S. 52, 59, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985)). The court noted that although negligence on the part of military personnel was not alleged, "a suit based upon a service-related activity necessarily implicates the military judgments and decisions that are inextricably intertwined with the conduct of the military mission." *Id.* Concluding that the military status of the alleged tortfeasor is not "crucial" to applying the doctrine, the court held that the doctrine bars an action against civilian employees of the federal government.

■ This action, however, is not brought against the United States, the National Guard, or federal civilian employees; in contrast, the case is brought against state civilian employees under 42 U.S.C. §§ 1981, 1983, and 1985. If the defendants were National Guard members or federal civilian employees this action would be clearly barred by the subsequent expansion of *Feres.* Although the actions, as alleged, of defendants are contemptible, this court can find no logical reason to differentiate the status of these defendants from those in *Feres, Chappell, Johnson, Brown,* and *Watson.*

In addition, the same policy guiding the court in *Johnson,* that allowing such suits would involve courts in sensitive military judgments, guides this court's decision. Defendants here were performing an integral military activity, acting as security

---

3. This does not completely bar recovery from military personnel if claimants show that their injuries did not arise from an activity incident to service. In *Brown,* for example, the claimant claimed injuries relating to a mock lynching several National Guard members perpetrated while at a long holiday weekend drinking party. 739 F.2d at 368. The court found that the National Guard members could come and go as they pleased, that the commanding officers were in no way connected with the incident,

and that the incident in no way was related to the military mission of the National Guard. *Id.* Finding finally that an action against the individual participants would not impede military discipline, the court in *Brown* found that the *Feres* doctrine did not bar an action against the individual participants for their actions, but that it did bar an action against the United States and the claimant's superior officers for failing to prevent the incident and failing to perform a proper investigation of the incident. *Id.* at 369.

guards at a National Guard installation. As the Court noted in *Johnson*, "Civilian employees of the Government also may play an integral role in military activities. In this circumstance, an inquiry into the civilian activities would have the same effect on military discipline as a direct inquiry into military judgments." 481 U.S. at 691 n. 11, 107 S.Ct. at 2069 n. 11.

■ Finally, it should be noted that there can be no dispute that Townsend's injury arose directly out of his attempt to attend a cargo loading class as a member of the Minnesota Air National Guard or that his attendance of the class was an activity incident to his military service. Because this court finds that the *Feres* doctrine bars an action against state civilian employees under 42 U.S.C. §§ 1981, 1983, and 1985 for injuries arising out of activities incident to military service, defendants' motion for dismissal of plaintiff's federal claims will be granted.

Jurisdiction over plaintiff's state law claims is premised on pendent jurisdiction. Because all of plaintiff's federal constitutional claims must be dismissed under the *Feres* doctrine, however, this court lacks jurisdiction over the remaining state law claims. This court will grant defendants' motion for dismissal of these state law claims as well. The dismissal of these claims, however, will be without prejudice.

Accordingly, based upon a review of all the files, records, and proceedings herein,

IT IS HEREBY ORDERED That defendant's motion to dismiss plaintiff's federal claims pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED because all of plaintiff's federal claims are barred by the doctrine announced in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

IT IS FURTHER ORDERED That defendant's motion to dismiss plaintiff's state law claims is GRANTED for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(6), the dismissal being without prejudice.

IT IS FURTHER ORDERED That the Clerk of Court will enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That plaintiff's federal law claims are dismissed with prejudice and plaintiff's state law claims are dismissed without prejudice.