_____

No. 95-4059
_____

Nyleen Mullally,                        *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        *
United States of America;               *  Appeal from the United States
William Perry, Secretary,               *  District Court for the
Department of Defense; Togo D.          *  District of Minnesota.
West, Jr., Secretary, Department *
of the Army; State of Minnesota; *          [PUBLISHED]
Minnesota Army National Guard;          *
Eugene Andreotti, Major General, *
Adjutant General Minnesota              *
National Guard,                         *
                                        *
          Appellees.                    *


_____

          Submitted:  August 5, 1996

              Filed:  September 9, 1996
              _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
              _____

PER CURIAM.


     Nyleen Mullally appeals from the District Court's[1] grant of summary
judgment to various state and federal defendants.  We affirm the grant of
summary judgment to the state defendants, but vacate the grant of summary
judgment to the federal defendants, and remand for dismissal of the claims
against the federal defendants for lack of subject-matter jurisdiction.

_____

     [1]The Honorable Donald D. Alsop, United States District Judge
for the District of Minnesota.

Mullally was formerly a member of the Minnesota Army National Guard (MANG) and employed as a federal civilian technician. Under 32 U.S.C. § 709 (1994), technicians are federal civil servants, hired and supervised by the state Adjutant General, and must maintain membership in the state Guard to remain qualified for federal employment. Mullally claimed that she was forced to resign from MANG and her federal employment because her body-fat percentage exceeded the maximum allowable standard for a woman of her height and age under Army Regulation 600-9 (AR 600-9). Mullally alleged, among other things, that MANG failed to comply with the procedures set forth in AR 600-9, that AR 600-9 was unconstitutional on its face, and that she was denied a hearing to contest the voluntariness of her resignation. She sought reinstatement, back and future pay, lost retirement benefits, and compensatory and punitive damages.

The District Court granted the state and federal defendants summary judgment, and Mullally appealed. She then filed a motion requesting this Court to consider whether the District Court had jurisdiction over the claims against the federal defendants, and if it did not, to transfer the case to the Court of Federal Claims. After defendants responded, Mullally moved to file a supplemental reply brief, which she has tendered, and we now grant.

We review the grant of summary judgment de novo, applying the same standard as the District Court. Demming v. Housing and Redevelopment Auth., 66 F.3d 950, 953 (8th Cir. 1995). The judgment of the district court should be affirmed when the record, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We agree with the District Court that Mullally's claims challenging MANG's failure to follow AR 600-9, as well as her claim

alleging she was denied a hearing, were nonjusticiable. See Wood v. United States, 968 F.2d 738, 739-40 (8th Cir. 1992); Lovell v. Heng, 890 F.2d 63, 64-65 (8th Cir. 1989); Watson v. Arkansas Nat'l Guard, 886 F.2d 1004, 1008-09 (8th Cir. 1989). While Mullally's facial challenges to the constitutionality of AR 600-9 were justiciable, see Wood, 968 F.2d at 739-40, we also agree with the District Court that summary judgment was proper as to these claims, because Mullally did not show the challenged regulatory language is unconstitutional. We also reject Mullally's argument that summary judgment was premature, and conclude that the District Court did not abuse its discretion by failing to grant Mullally leave to amend her complaint.

As to the federal defendants, we agree with Mullally that the District Court lacked jurisdiction, because the claims against them fell within the exclusive jurisdiction of the Court of Federal Claims. See 28 U.S.C. § 1491 (1994); Charles v. Rice, 28 F.3d 1312, 1321-23 (1st Cir. 1994) (noting claims against United States exceeding $10,000 founded upon Constitution, federal statute, regulation, or contract, are in exclusive jurisdiction of Court of Federal Claims); Polos v. United States, 556 F.2d 903, 905 (8th Cir. 1977) (same). Here, it is undisputed that Mullally seeks more than $10,000 in back pay alone. Although we have the authority under 28 U.S.C. § 1631 (1994) to transfer these claims to the Court of Federal Claims, we choose not to do so: such a transfer would not be in the interest of justice, because the Court of Federal Claims would most likely dismiss Mullally's claims. See Charles, 28 F.3d at 1322-23.

Accordingly, we affirm as to the state defendants, but vacate the District Court's order granting the federal defendants summary judgment, and remand for dismissal of the claims against the federal defendants for lack of jurisdiction.

A true copy.

   Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.