**Gary W. BOWEN, Plaintiff–Appellant,**

v.

**Keith OISTEAD; United States of America; Hugh L. Cox, III; Dan E. Dennis, Kenneth M. Taylor; State of Alaska, Defendants–Appellees.**

No. 96–35296.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 1997.*

Decided Sept. 12, 1997.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Pat K. Bowen, Thousand Oaks, CA, for plaintiff–appellant.

Kenneth S. Roosa, Assistant United States Attorney, Anchorage, AK, for defendant–appellee United States.

Patrick J. Gullufsen, Assistant Attorney General, Juneau, AK, for defendant–appellee State of Alaska.

Before: D.W. NELSON, WIGGINS, and KOZINSKI, Circuit Judges.

D.W. NELSON, Circuit Judge:

Major Gary Bowen appeals the district court's dismissal of his complaint against the Alaska National Guard, certain of its members, the United States, and certain commissioned officers of the United States Air Force. The district court determined that Bowen's claims against the military were nonjusticiable under *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The district court also dismissed Bowen's RICO cause of action because Bowen failed to state a claim upon which relief could be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bowen entered full-time duty with the Alaska Air National Guard in June 1984 as a staff judge advocate.[1] Bowen entered this duty as a member of the Active Guard/Reserve ("AGR"), a program authorized by federal statute, *see* 32 U.S.C. § 502(f), and created to provide full-time military support personnel to assist in the administration of the National Guard of the various states. Bowen's tour of duty in the AGR was extended on April 22, 1991 by order of the Governor of Alaska. Bowen was ordered to continue his duties as a staff judge advocate and attorney-advisor at the headquarters of the Alaska National Guard until June 3, 1996, "unless sooner relieved by competent authority."

In 1992, Bowen was asked to implement a military justice system for the Alaska National Guard. Colonel Jerry Gillean was Bowen's immediate supervisor on this project and Alaska National Guard Brigadier General Dan Dennis was Bowen's general supervising officer.

On February 22, 1993, Colonel Gillean advised Bowen that he intended to recommend Bowen's involuntary termination from the AGR program. Colonel Gillean informed Bowen that Bowen's unsatisfactory conduct had "resulted in a breach of trust between the leadership of the Alaska National Guard and [Bowen]," and that Bowen's subsequent misconduct had "further eroded the relationship that should exist" between the leadership of the Guard and Bowen.

On April 1, 1993, Colonel Gillean formally recommended termination of Bowen's tour of duty in the AGR. Brigadier General Kenneth Taylor reviewed and concurred in Colonel Gillean's recommendation, and informed Bowen that he planned to recommend Bowen's separation from full-time AGR duty. This recommendation, along with Bowen's response thereto, was forwarded to Brigadier General Dennis, who then formally recommended the termination of Bowen's AGR duty to Hugh Cox, Alaska's Adjutant General and the final authority for involuntary removal from AGR duty. On May 13, 1993, the Adjutant General endorsed Brigadier General Dennis' recommendation, and Bowen was formally terminated from his tour of duty in the AGR on May 20, 1993.

On May 26, 1995, Bowen filed suit in Alaska state court. Bowen's complaint alleged tortious and unconstitutional conduct by federal defendants William King, Lance Sigmond, Charles Williams, Clinton Pearson, and James Gamboa, all of whom were attorneys in the Judge Advocate General Branch on active duty in the United States Air Force

---

1. The National Guard "occupies a distinct role in the federal structure that does not fit neatly within the scope of either state or national concerns." *Knutson v. Wisconsin Air Nat'l Guard,* 995 F.2d 765, 767 (7th Cir.1993). It is a hybrid organization that serves the state within which it is located as well as the federal government in times of need. "[T]he Guard may serve the state in times of civil strife within its borders while also being available for federal service during national emergencies." *Id.; see also New Jersey Air Nat'l Guard v. Federal Labor Relations Auth.,* 677 F.2d 276, 279 (3d Cir.1982) ("Within each state the National Guard is a state agency, under state authority and control. At the same time, the activity, makeup, and function of the Guard is provided for, to a large extent, by federal law.").

during the time of the events giving rise to Bowen's complaint. The complaint also alleged unlawful, tortious, and unconstitutional conduct by state defendants Keith Oistead, Hugh Cox, Dan Dennis, Kenneth Taylor, Jerry Gillean, and the State of Alaska. Specifically, Bowen's complaint alleged breach of contract, wrongful termination of employment, denial of administrative due process and state constitutional rights, tortious interference with contract, denial of equal protection, legal malpractice, defamation, misrepresentation, and RICO violations.

Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(d)(1), the United States Attorney for the State of Alaska certified that federal defendants King, Williams, Pearson, and Gamboa were employees of the United States acting within the scope of their employment at all times relevant to the suit. The United States therefore substituted itself in place of these defendants, and removed the case to federal court pursuant to 28 U.S.C. § 1446(a).

On February 8, 1996, the district court granted all defendants' motions to dismiss. The district court's decision was based principally upon the doctrine of intramilitary immunity first announced in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Bowen appeals from this decision.

## STANDARD OF REVIEW

■ A motion to dismiss pursuant to the *Feres* doctrine is treated as a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *Jackson v. United States*, 110 F.3d 1484, 1486 (9th Cir. 1997). The question of whether the *Feres* doctrine is applicable to the facts reflected in the record of a case is a question of law reviewed de novo. *Id.* at 1486.

**2.** The ban on *Bivens* actions has been extended to section 1983 actions against state officials. *See, e.g., Wright v. Park,* 5 F.3d 586, 591 (1st Cir.1993) ("[T]here is no principled basis for according state actors sued under 42 U.S.C. § 1983 a different degree of immunity than would be accorded federal actors sued for an identical abridgement of rights under *Bivens.*"); *see also Sebra v. Neville,* 801 F.2d 1135, 1142 (9th Cir.1986) ("Although we have not applied *Feres* to § 1983

■ A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law subject to de novo review. *Stone v. Travelers Corp.,* 58 F.3d 434, 436–37 (9th Cir.1995).

## DISCUSSION

A. Bowen's tort and constitutional claims

Both the United States and the State of Alaska (on behalf of itself and the individual state defendants) contend that the *Feres* doctrine bars Bowen's tort and constitutional claims against the military and its members. We agree.

■ In *Feres v. United States,* the Supreme Court held that members of the armed services could not sue the Government for injuries that "arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. This bar has been interpreted broadly. "[P]ractically any suit that 'implicates the military judgments and decisions' ... runs the risk of colliding with *Feres." Persons v. United States,* 925 F.2d 292, 295 (9th Cir.1991) (quoting *United States v. Johnson,* 481 U.S. 681, 691, 107 S.Ct. 2063, 2069, 95 L.Ed.2d 648 (1987)). The Supreme Court has held that *Feres* applies not only to tort actions brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., but to *Bivens* actions as well. *Chappell v. Wallace,* 462 U.S. 296, 305, 103 S.Ct. 2362, 2368, 76 L.Ed.2d 586 (1983) ("enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations"); *United States v. Stanley,* 483 U.S. 669, 680–81, 107 S.Ct. 3054, 3062, 97 L.Ed.2d 550 (1987) (*Chappell* approach applies to all activities performed "incident to service" and not merely to activities performed within the officer/subordinate relationship).[2] Furthermore,

claims, recent case authority indicates that the doctrine extends to claims for damages from alleged constitutional or regulatory violations."). We agree with the First Circuit and believe that insofar as the *Feres* doctrine extends to the state National Guard units, it shields state military officers from constitutional claims brought under section 1983 to the same extent that it protects federal military personnel from defending

*Feres* bars intentional tort claims as well as simple negligence claims. *See Mollnow v. Carlton,* 716 F.2d 627, 628 (9th Cir.1983). Finally, *Feres* is not limited to suits against the United States. We have extended *Feres* to "suits between individual members of the military, recognizing an 'intramilitary immunity' from suits based on injuries sustained incident to service." *Lutz v. Secretary of the Air Force,* 944 F.2d 1477, 1480–81 (9th Cir. 1991). In sum, the *Feres* doctrine is applicable "whenever a legal action 'would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States.'" *Hodge v. Dalton,* 107 F.3d 705, 710 (9th Cir.1997) (quoting *McGowan v. Scoggins,* 890 F.2d 128, 132 (9th Cir.1989)).[3]

■ Bowen attempts to escape the reach of *Feres* by arguing that the doctrine applies only to the federal military structure. First, Bowen claims that his status as a state, rather than federal, military employee exempts his claim from the *Feres* bar. We previously have rejected this argument. "It is beyond question that the *Feres* doctrine generally applies to claims brought by National Guard members." *Stauber v. Cline,* 837 F.2d 395, 399 (9th Cir.1988); *see also Jackson,* 110 F.3d at 1487 ("Members of the National Guard and the Reserves are service members under *Feres.*"); *cf. Wright v. Park,* 5 F.3d 586, 588 (1st Cir.1993) ("It is axiomatic that the National Guard is military in character."). The fact that Bowen was not on active duty with the United States Air Force Reserve[4] does not alter this conclusion, *see, e.g., Quintana v. United States,* 997 F.2d 711, 712 (10th Cir.1993) ("active duty status is not necessary for the *Feres* 'incident to service' test to apply"); *Velez v. United States ex rel. Dept. of Army,* 891 F.Supp. 61, 63 (D.Puerto Rico 1995) ("The distinction between an 'active' and 'inactive' National Guard serviceman relative to the *Feres* doctrine is irrelevant."), particularly where, as here, the service member is on full-time duty as a member of the federally authorized AGR. We follow *Stauber* and conclude that Bowen's status as a member of the National Guard triggers application of *Feres,* despite the fact that he was serving as a member of the Alaska Air National Guard under the direct authority of state officers.

■ While Bowen's first argument against the application of the *Feres* doctrine focuses upon his own status as a state employee, his second argument against *Feres* focuses upon the status of the defendants. Bowen urges us not to bar his claims against the *state* officers because, he argues, the *Feres* doctrine "cannot be applied to the states," *i.e.,* it is applicable only to those actions where federal military personnel are somehow implicated in the alleged unlawful conduct. Thus, Bowen distinguishes *Stauber* by noting that the parties in that case were "under the direct command of a uniformed, full-time U.S. Army lieutenant colonel." *See Stauber,* 837 F.2d at 397.

In *United States v. Johnson,* the Supreme Court noted that it had

> never suggested that the military status of the alleged tortfeasor is crucial to the application of the [*Feres*] doctrine. Nor have the lower courts understood this fact to be relevant under *Feres.* Instead, the *Feres* doctrine has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries.

481 U.S. 681, 686–88, 107 S.Ct. 2063, 2066–67, 95 L.Ed.2d 648 (1987).

Courts have not interpreted this language to mean that the service person's suit must be against the *federal* government or *federal* officers. The overwhelming weight of authority indicates that state National Guard

---

against *Bivens* actions raising the very same claims.

**3.** The Eighth Circuit recognizes two exceptions to the *Feres* doctrine. First, facial challenges to the constitutionality of a military regulation or statute are not barred. Second, limited judicial review of final agency action is permitted. *See Watson v. Arkansas Nat'l Guard,* 886 F.2d 1004, 1010–11 (8th Cir.1989). Neither exception is implicated by Bowen's claims. Like the plaintiff in *Watson,* Bowen "challenges the constitutionality of a discrete personnel action taken pursuant to unassailably valid statutory authority." *Id.* at 1010 n. 15.

**4.** A National Guardsman is on active duty when called to service by the United States, and is on reserve duty when acting as a member of the state's National Guard.

officers are protected from suit by fellow Guardsmen by the *Feres* doctrine. *Stauber,* for example, applied *Feres* to a Guardsman's claims against individual members of the Alaska National Guard, the Alaska Adjutant General, the Alaska Department of Military and Veterans Affairs, and the State of Alaska itself. *See also Uhl v. Swanstrom,* 79 F.3d 751 (8th Cir.1996) (applying *Feres* bar to suit by National Guardsman against his commanding state officer, the Adjutant General of the Iowa Air National Guard, and the Iowa Air National Guard); *Lovell v. Heng,* 890 F.2d 63 (8th Cir.1989) (National Guardsman's § 1983 action against state National Guard officers barred under *Feres* ); *Townsend v. Seurer,* 791 F.Supp. 227, 229 (D.Minn.1992) ("[R]egardless of whether the suit is brought against the state National Guard and individual Guard personnel or against the United States and individual Guard personnel, the *Feres* doctrine will bar the action."). Indeed, we indicated in *Stauber* that the *Feres* doctrine "has far more to do with the proper relation between the courts, Congress and the military than it has to do with individual defendants.... It is a judicial doctrine leaving matters incident to service to the military, in the absence of congressional direction to the contrary." *Stauber,* 837 F.2d at 399.

These cases implicitly recognize that the military apparatus of the United States cannot be divided into strictly state and federal components. We endorse these holdings: *Feres* applies to the state National Guards and their members due to the integral role they play as part of the nation's defense force and the substantial degree to which the state National Guards are financed, regulated, and controlled by the federal government even when not called into active federal service. Consequently, under *Stauber* and the clear weight of authority in other circuits, Bowen's constitutional claims and claims sounding in tort are subject to the *Feres* doctrine.

■ Under *Feres,* judicial review of those claims is barred if the harms about which Bowen complains arose out of or in "the course of activity incident to service." *Feres,* 340 U.S. at 146, 71 S.Ct. at 159. We have no trouble concluding that the personnel decisions contested by Bowen in fact were made "incident to service." *See United States v. Shearer,* 473 U.S. 52, 59, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985) (noting that decision to discharge a serviceman is an "essentially professional" one and that respondent's "attempt to hale Army officials into court to account for their supervision and discipline of [a serviceman] must fail"); *see also Lutz,* 944 F.2d at 1485 ("The Supreme Court made plain in *Stanley* that in deciding whether *Feres* applies, courts should answer the broader question of whether 'the injury arises out of activity incident to service' ... rather than considering any actual impact on military discipline."). Accordingly, Bowen's tort and constitutional claims contesting those personnel decisions are barred.

## B.   Bowen's contract claim

■ To date, *Feres* and its progeny have been applied only to claims sounding in tort or to assertions of constitutional wrongs. Accordingly, the *Feres* doctrine does not resolve the propriety of the district court's dismissal of Bowen's breach of contract claim. We conclude that the district court's action was correct because Bowen's claim is nonjusticiable.

In *Mier v. Owens,* we refused to entertain the Title VII claim of a National Guardsman due to the fact that "the discriminatory personnel actions [alleged by the Guardsman] are integrally related to the military's unique structure." 57 F.3d 747, 750 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1317, 134 L.Ed.2d 470 (1996). We noted that "challenges to discharge by the Guard ... are nonjusticiable because judicial review 'would seriously impede the military in performance of its vital duties.'" *Id.* (quoting *Christoffersen v. Washington State Air Nat'l Guard,* 855 F.2d 1437, 1444 (9th Cir.1988)); *see also Sebra v. Neville,* 801 F.2d 1135, 1142 (9th Cir.1986) (courts are "properly wary of intruding upon" military transfer decisions).

In *Mier,* we recognized that "personnel actions are not always integrally related to the military's unique structure." *Mier,* 57 F.3d at 750. For example, a Title VII claim challenging the refusal to allow a female civilian employee to embark on a Naval aircraft carrier was held to be justiciable in *Bledsoe v. Webb,* 839 F.2d 1357, 1360 (9th Cir.1988). We held in *Bledsoe* that the claim

was justiciable because the plaintiff was a civilian employee and the challenged conduct did not implicate a military policy. We specifically distinguished the conduct involved in *Bledsoe* from "inherently military" determinations such as termination decisions. *See id.*

Unlike the Title VII claim in *Bledsoe,* the termination decision challenged by Bowen does implicate "inherently military" concerns. Thus, *Mier* and the cases upon which it relies dictate that Bowen's breach of contract claim—which is at heart an objection to the military's decision to discharge him from the AGR program—is nonjusticiable. Therefore, the district court's decision to dismiss this claim for lack of subject matter jurisdiction was correct.

### C. Bowen's RICO claim

The district court determined that Bowen failed to state a RICO claim and dismissed his RICO allegation pursuant to Federal Rule of Civil Procedure 12(b)(6).

To state a claim under RICO, Bowen must demonstrate that the defendants engaged in at least two acts of "racketeering activity," as that term is defined in 18 U.S.C. § 1961(1). *See Sun Sav. & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987). In his complaint, Bowen alleged that "the actions of the individual defendants constitutes [sic] a criminal conspiracy to deprive [Bowen] of his civil rights and to injure his reputation and standing in the community." Civil rights violations and injury to reputation do not fall within the statutory definition of "racketeering activity." Accordingly, Bowen's complaint fails to state a claim under RICO.

On appeal, Bowen does not attack the district court's substantive judgment. Rather, he simply asserts that the district court should have permitted him to amend his complaint before dismissing the RICO claim. However, Bowen never requested an opportunity to amend his complaint in the district court. Furthermore, Bowen fails to explain how he could have amended his complaint to state a claim under RICO. Indeed, Bowen does not substantively respond *at all* to the defendants' arguments on appeal that his RICO claim was properly dismissed. Ac-

cordingly, Bowen has waived this issue on appeal. *See Han v. United States,* 944 F.2d 526, 527 n. 1 (9th Cir.1991) (refusing to reach merits of argument that was not before the district court and raised on appeal "only briefly, with no citation and little argument"); *International Union of Bricklayers v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985) (court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief").

### CONCLUSION

Bowen's tort and constitutional claims against the defendants are barred by the *Feres* doctrine. Likewise, Bowen's breach of contract claim is nonjusticiable insofar as consideration of the claim would involve the court in "inherently military" concerns. Finally, Bowen's failure to allege that the defendants engaged in at least two qualifying predicate acts undermines his RICO claim. Accordingly, we affirm the district court's decision to dismiss Bowen's complaint.

AFFIRMED.