141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John THOMAS, individually; and dba Televista, S.A. De C.V.,
Plaintiff--Appellant,
v.
Vision Por Cable De Mexico, S.A. De C.V.; TV Por Cable
Nacional, S .A. De C.V.; Telecab, S.A. De C.V.;
Bill Duhamel, Jr.; Does 1-20;
Defendants--Appellees.
 No. 96-56608.
D.C. No. CV-96-00576-WBE.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1998.
Decided Feb. 11, 1998.
 
 Appeal from the United States District Court for the Southern District of California William B. Enright, District Judge, Presiding.
 Before WALLACE, TROTT and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Thomas appeals the district court's judgment dismissing his diversity action against Bill Duhamel, Vision por Cable de Mexico ("Vision por Cable") and two related Mexican corporations alleging that Duhamel induced him to quit his job in Chicago and move to Mexico to work for Vision por Cable. We affirm.
 
 
 3
 In his opening brief, Thomas fails to raise the district court's dismissal of Thomas' claims against Vision por Cable and the other two corporations for lack of jurisdiction. Further, Thomas does not challenge the district court's holdings that: (1) Duhamel could not be liable for breach of contract (as he was not a party to that contract); (2) Duhamel could not be liable for the breach of the implied covenant of good faith and fair dealing; and (3) there were insufficient factual allegations to support a piercing of the corporate veil and imposing individual liability on Duhamel. Because Thomas has not raised these issues in his opening brief, he has waived them on appeal. See Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir.1997).
 
 
 4
 Thomas appears to argue a claim of implied warranty of authority. Because he did not raise this issue in the district court, he has waived it on appeal. See United States v. Chee, 110 F.3d 1489, 1492 (9th Cir.1997).
 
 
 5
 Turning to those issues properly raised before this court, Thomas cannot sustain his claim for tortious denial of the existence of a contract because California recognizes no such cause of action. See Freeman and Mills, Inc. v. Belcher Oil. Co., 11 Cal.4th 85, 44 Cal.Rptr.2d 420, 900 P.2d 669, 679-80 (Cal.1995). Likewise, Thomas has not properly alleged a fraud claim against Duhamel. Thomas's claim of promissory fraud is based on pre-contractual promises which contradict the terms of a fully integrated written contract. As such, this claim is barred by the parol evidence rule. See Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc., 971 F.2d 272, 276 (9th Cir.1992); Alling v. Universal Mfg. Corp., 5 Cal.App.4th 1412, 7 Cal.Rptr.2d 718, 733-35 (Cal.Ct.App.1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3