**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE LUGO, | No. 08-17297 |
| Plaintiff - Appellant, | D.C. No. 4:08-CV-00431-FRZ-PSOT |
| v. | |
| MIKE CARTER, S.E. Arizona M.C.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Felipe Lugo, an Arizona state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action without leave to amend.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IL/RESEARCH

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we review for an abuse of discretion the denial of leave to amend, *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1310 (9th Cir. 1982). We affirm.

The district court correctly dismissed Lugo's complaint because he failed to allege that the defendants were acting under color of state law. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (recognizing that allegation of state action is a "necessary element of a § 1983 claim"). Because Lugo has failed to explain how the defendants acted under color of state law, the district court acted within its discretion by dismissing his complaint without leave to amend. *See Bowen v. Olstead*, 125 F.3d 800, 806 (9th Cir. 1997) (affirming dismissal in part because appellant failed to explain how he could have amended complaint to state a claim).

**AFFIRMED.**