**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY TRAVIS, | No. 08-57060 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01449-DDP-CT |
| v. | |
| JASON MICHAEL BRADLEY COUTURE, M.D., et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Anthony Travis appeals pro se from the district court's order dismissing his

complaint alleging that defendants discriminated against him on the basis of his

race by discharging him from Huntington Memorial Hospital prematurely and by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly the parties' requests for oral argument are denied.

reporting to the California Department of Motor Vehicles that Travis may have a seizure disorder. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal, *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), and for an abuse of discretion its denial of leave to amend, *Papa v. United States*, 281 F.3d 1004, 1008-09 (9th Cir. 2002). We may affirm on any ground supported by the record. *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). We affirm.

Travis's § 1983 claim was properly dismissed because Travis failed to plead sufficient facts to establish that the defendants were acting under color of state law. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (recognizing that allegation of state action is a "necessary element of a § 1983 claim"); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257-58 (9th Cir. 2008) (affirming dismissal of § 1983 claim that was based on a private party's phone call to police because no allegations established that law or state or local officials required that police be summoned).

Travis's § 1985 claim was properly dismissed because he did not allege facts from which racial- or other class-based invidious discrimination could be inferred. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (recognizing that court need not "accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences, and that "[a]n indispensable element of a claim under [§ 1985(3)] is some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action[.]") (citations and internal quotation marks omitted).

Because even on appeal Travis has failed to explain how the defendants acted under color of state law or conspired to deprive him of his civil rights, the district court acted within its discretion by dismissing his complaint without leave to amend. *See Balser v. Dep't of Justice, Off. of U.S. Trustee*, 327 F.3d 903, 911 (9th Cir. 2003) (affirming denial of leave to amend complaint, despite liberality generally afforded pro se litigants, because opening brief on appeal set forth no legal basis for reversal); *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) (affirming dismissal in part because appellant failed to explain how he could have amended complaint to state a claim).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Travis's state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (explaining that a district court may decline to exercise supplemental jurisdiction over related state law claims after it dismisses the claims over which it has original jurisdiction).

08-57060

Travis's remaining contentions are unpersuasive.

Defendant Yafa Minazad's request for judicial notice is granted. Travis's request for judicial notice and to strike are denied.

**AFFIRMED.**

08-57060