**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL C. GONCALVES, CPT., | No. 12-16209 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02452-JSW |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges

Michael C. Goncalves, Cpt., appeals pro se the district court's judgment

dismissing his Federal Tort Claims Act action for lack of subject matter

jurisdiction under *Feres v. United States*, 340 U.S. 135 (1950). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Feres* doctrine. *Jackson v. Tate*, 648 F.3d 729, 732 (9th Cir. 2011). We affirm.

The district court properly dismissed Goncalves's claims relating to his internal military complaints for lack of subject matter jurisdiction under the *Feres* doctrine because Goncalves was an active duty service member of the United States Army Reserve during the events that formed the basis of this controversy, and his claims arose incident to his active military service. *See Feres*, 340 U.S. at 146 ("[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."); *Bowen v. Oistead*, 125 F.3d 800, 803-05 (9th Cir. 1997) (discussing *Feres* doctrine and finding plaintiff's tort and constitutional claims contesting personnel decisions barred).

The district court properly concluded that Goncalves's constitutional claims seeking monetary damages were also barred under the *Feres* doctrine, *see Wilkins v. United States*, 279 F.3d 782, 784-85 (9th Cir. 2002), as were any medical malpractice claims, *Jackson v. United States*, 110 F.3d 1484, 1489 (9th Cir. 1997).

We do not consider Goncalves's arguments, raised for the first time on appeal, concerning an alleged violation of the Health Insurance Portability and Accountability Act of 1996. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.

1985) ("We will not . . . review an issue not raised below unless necessary to prevent manifest injustice.").

**AFFIRMED.**