NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALMA BELL, an individual,

             Plaintiff-Appellant,

   v.

WELLS FARGO BANK, NA, FKA
Wachovia Mortgage, FSB, successor by
merger to Wells Fargo Bank Southwest,
N.A.; et al.,

             Defendants-Appellees.

No.    14-56861

D.C. No.
2:14-cv-04316-JFW-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 6, 2016[**]
Pasadena, California

Before:  REINHARDT, OWENS, and FRIEDLAND, Circuit Judges.

Plaintiff Alma Bell appeals the district court's dismissal under Federal Rule

of Civil Procedure 12(b)(6) of her claims against defendants Wells Fargo Bank and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

NDeX West. Bell's claims relate to an allegedly wrongful nonjudicial foreclosure proceeding brought against her home in La Habra Heights, California. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not err in dismissing Bell's claim under California Civil Code § 2924(a)(6). Bell argued that her loan was defectively securitized, depriving Wells Fargo and NDeX of the beneficial interest in her Deed of Trust that would be required under § 2924(a)(6) to initiate foreclosure proceedings. But this section of the statute—added as part of the Homeowner's Bill of Rights ("HBOR")—took effect on January 1, 2013 and is not retroactive. *See* Cal. Civ. Code § 2924(a)(6); *Myers v. Philip Morris Cos.*, 50 P.3d 751, 759 (Cal. 2002) (California statutes do not apply retroactively absent an express retroactivity provision or clear extrinsic evidence of legislative intent); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 798 (Ct. App. 2016) (HBOR not retroactive). The Notice of Default underlying Bell's claim was recorded in December 2011. Thus, Bell did not state a claim under § 2924(a)(6).

Even if Bell had attempted to plead under the statute in effect at the relevant time, she still failed to allege sufficient factual support to state a claim. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

2

elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (citations omitted)). Even though the theory of Bell's § 2924(a)(6) claim is rooted in an allegedly defective securitization, she has not come forward with any "factual enhancement" to support the assertion that her note was securitized or assigned, nor has she alleged any facts to support how such a process was defective. Rather, she simply puts forward bare-bones assertions that the note was defectively securitized. As a result, her § 2924(a)(6) claim fails under *Iqbal*'s pleading standard and was properly dismissed.[1]

The district court also properly dismissed Bell's claim under California Civil Code § 2923.5, which requires lenders to contact borrowers at least thirty days before filing a notice of default to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(1)-(2) (amended 2013). The only remedy that § 2923.5 provides is

---

[1] In light of these other grounds for affirming the dismissal, this court need not decide whether California law after *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845 (Cal. 2016), affords a borrower standing to bring a pre-foreclosure challenge to the lender's authority to foreclose based on an allegedly defective securitization or assignment.

"obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." *Mabry v. Super. Ct.*, 110 Cal. Rptr. 3d 201, 204 (Ct. App. 2010), *review denied* (Aug. 18, 2010). Here, the district court properly determined that even if there were a violation, Bell had already received the only remedy available because Wells Fargo had already considered at least two loan modification applications. *See Rossberg v. Bank of Am., N.A.*, 162 Cal. Rptr. 3d 525, 536 (Ct. App. 2013) (conversations about possible loan modification satisfied statute). That Bell—not Wells Fargo—initiated the loan modification discussions does not change this conclusion. *See Burton v. NDeX West, LLC*, No. B232119, 2012 WL 1267884, at *4 (Cal. Ct. App. 2012) (unpublished) ("The purpose of the contact requirement is fully satisfied if the contact occurs regardless of who initiated the contact.").

The district court also properly dismissed Bell's claim for quiet title. It held that this claim was duplicative of her § 2924(a)(6) claim, and thus failed for the same reasons. Because Bell has not alleged specific facts to support her quiet title claim, it fails along with her § 2924(a)(6) claim.

The district court did not err in dismissing Bell's claims under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.* To bring a

4

claim under the UCL, a plaintiff must show that her injury comes as a result of the alleged unfair or unlawful competition. *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 887 (Cal. 2011). Bell failed to make her loan payment due in July 2011, before any of defendants' allegedly wrongful acts, and that failure is what caused the foreclosure proceedings. *See Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 934 (Ct. App. 2013), *overruled on other grounds by Yvanova*, 365 P.3d at 855-56 ("As Jenkins's home was subject to nonjudicial foreclosure because of Jenkins's default on her loan, which occurred before Defendants' alleged wrongful acts, Jenkins cannot assert the impending foreclosure of her home . . . was caused by Defendants' wrongful actions."). Because she did not adequately plead causation, the district court's dismissal was proper.

Finally, the district court did not abuse its discretion in denying Bell leave to amend. She has already amended her complaint twice, and has not specified what other facts she would add to address the deficiencies in her complaint. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997).

For the foregoing reasons we **AFFIRM.**