**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER ZEPPEIRO, | No. 15-55747 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01336-MMM-JC |
| v. | |
| GREEN TREE SERVICING, LLC; NORTHWEST TRUSTEE SERVICES, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 10, 2017**
Pasadena, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and GLEASON,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Peter Zeppeiro appeals from the district court's judgment after dismissal of his second amended complaint in this California foreclosure case. Zeppeiro alleges that defendant Green Tree Servicing, LLC ("Green Tree") violated provisions of California's Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code § 2924(a)(6), and Unfair Competition law ("UCL"), Business and Professions Code, Cal. Bus. & Prof. Code § 17200.

We decline to dismiss the appeal pursuant to Rule 28-1(a) and affirm on the merits.

In this appeal Zeppeiro contends the district court erred in holding he failed to state a claim for violation of Cal. Civ. Code § 2924(a)(6), and in holding that the statute does not create a private right of action. There was no error. The HBOR states several specific provisions where a homeowner is granted a private right of action to sue for monetary damages; Section 2924(a)(6) is not included. Cal. Civ. Code § 2924.12(b).

Since there is no pending foreclosure of Zeppeiro's property, and he does not claim he paid any money to the defendants on account of their allegedly unlawful acts, he lacks standing to pursue a UCL claim. *See Hall v. Tire, Inc.*, 158 Cal. App. 4th 847, 854–55 (2008).

The district court did not err in denying leave to file a third amended complaint.  Zeppeiro fails to show how he could have remedied the deficiencies in his complaint.  Accordingly, there was no abuse of the district court's discretion. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997).

Finally, the district court did not err in granting Green Tree's request for judicial notice.  Zeppeiro made no objection.

**AFFIRMED**.