**UNITED STATES of America, Plaintiff,**

v.

**John S. MADRZYK, Kelly Perry Madrzyk, Defendants.**

No. 97 CR 105.

United States District Court,
N.D. Illinois,
Eastern Division.

July 17, 1997.

Kaarina Salovaara, U.S. Atty's Office, Chicago, IL, for U.S.

Daniel J. Pierce, Chicago, IL, for John Madrzyk.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendant John Madrzyk's Motion to Dismiss for Want of Subject Matter Jurisdiction. For the following reasons, the motion is denied.

## I.  FACTS [1]

Defendant, John S. Madrzyk ("Madrzyk"), was elected the Alderman of the 13th Ward in the City of Chicago in 1973, and was re-elected to four more terms, ending in October 1994. As an Alderman, Madrzyk served as the Chairman of the City Council's Committee on Special Events and Cultural Affairs ("Special Events Committee").

The Government alleges that Madrzyk arranged to have the City of Chicago ("City") hire Defendant, Kelly Perry Madrzyk ("Perry"), to provide services to the Special Events Committee. The Government alleges that Madrzyk arranged for Perry to (1) receive bi-weekly paychecks from the City between January 16, 1991, and March 1, 1992; (2) receive health insurance coverage between May 1991 and March 1992; and (3) apply for pension benefits in July 1995. The Government further alleges that Madrzyk knew that Perry would not, and did not, perform any work for the City to earn the monies and benefits paid to Perry.

As such, the superseding indictment charges (1) that Defendants, Kelly Perry Madrzyk, John S. Madrzyk, Gregory Swan, and David Sipich (collectively "Defendants") [2],

---

1.  The court will only address the facts relevant to the pending motion.

2.  Defendants, Kelly Perry Madrzyk and David Sipich, have entered a plea of guilty.

were agents of the City; (2) that the City received federal assistance in excess of $10,-000; and (3) that Defendants, while acting as agents of the City, stole and misapplied more than $5,000 from the City in violation of 18 U.S.C. § 666.

## II.  DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 12(b)(2), Madrzyk moves the court to dismiss the superseding indictment for lack of subject matter jurisdiction. [3] The superseding indictment charges Madrzyk under 18 U.S.C. § 666.

In order to charge an individual for violating 18 U.S.C. § 666, the Government must allege the following elements: (1) that the individual is "an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof"; (2) that the individual stole or misapplied property that "is valued at $5,000 or more" from "such organization, government, or agency"; and (3) that such "organization, government, or agency receives, in any one year period, [federal assistance] in excess of $10,000." See 18 U.S.C. § 666.

Madrzyk argues that he and Perry were agents of the City Council and the Special Events Committee, and not agents of the City. Thus, Madrzyk argues, the superseding indictment should be dismissed, as it fails to allege that the City Council or the Special Events Committee received federal assistance in excess of $10,000. The Government responds that the indictment alleges that Madrzyk and Perry were agents of the City, that they stole and misapplied property valued over $5,000 from the City, and that the City received federal assistance in excess of $10,000.

The court will first address the issue of agency. Based on the City's Municipal Code § 2–74–030, it is clear that both Madrzyk and Perry were agents of the City. See City of Chicago, Ill., Municipal Code § 2–74–

---

3.  On July 3, 1997, the court granted Defendant, Gregory Swan's, Motion to Adopt John Madrzyk's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

030. Section 2–74–030 categories all City employees in City service. The first category of City employees is elected officials. *See* City of Chicago, Ill., Municipal Code § 2–74–030(1). It is undisputed that Madrzyk was the elected Alderman for the 13th Ward during the relevant time period. As an elected official, Madrzyk was an agent of the City.

In addition, the City's contract with Perry evidences that Madrzyk was authorized to act on behalf of the City in his capacity as the Alderman for the 13th Ward. The City's contract provides that it was acting through Madrzyk to enter into an employment contract with Perry. As such, the Government can present evidence to show that Madrzyk was an agent of the City.

The City's contract with Perry also evidences that the City hired Perry to provide services for the City Council or the Special Events Committee. Thus, the contract evidences that Perry was an agent of the City, as well as the City Council. The Municipal Code § 2–74–030 lists employees of the City Council as another category of City employees. *See* City of Chicago, Ill., Municipal Code § 2–74–030(1). As such, the Government can present evidence to show that Perry was an agent of the City.

■ The court will next address the issue of the property stolen and misapplied. Madrzyk argues that the City did not own the property allegedly stolen and misapplied, but that the City Council or the Special Events Committee owned the property. However, Madrzyk admits that the City funds the City Council, which in turn funds the Special Events Committee. Thus, if funds are stolen from the City Council or the Special Events Committee, it is stolen from the City. Madrzyk does not dispute that the property alleged stolen or misapplied had a value in excess of $5,000. Thus, the court will address the next issue: whether the City is a protected entity.

■ The City is encompassed as a protected entity under 18 U.S.C. § 666(a)(1). Section 666(a)(1) protects organizations, government agencies, and local governments. The City is an organization, incorporated as a Municipal Corporation of the State of Illinois.

In addition, because the City is established to carry out local governmental functions, it constitutes a government agency. Section 666(d)(2) provides that "the term 'government agency' means ... a corporation or other legal entity established, and subject to control, by a government ... for the execution of a governmental program." Finally, the City is a political subdivision within the State of Illinois. Section 666(d)(3) provides that "the term 'local' means of or pertaining to a political subdivision within a State." 18 U.S.C. § 666(d)(3). Therefore, the City also constitutes a local government. *See* 18 U.S.C. § 666(d)(3). As such, the Government can present evidence to show that the City is a protected entity.

Since the relevant protected entity is the City, the Government need not show that the City Council or the Special Events Committee received federal assistance in excess of $10,000. Several circuits addressing the issue, whether the property allegedly stolen or misapplied must be federal funds, have unanimously opined that the Government need not show the federal nature of the specific stolen or misapplied funds. *See United States v. Paradies*, 98 F.3d 1266, 1288 (11th Cir.1996), *petition for cert. filed* (U.S. Feb. 21, 1997) (No. 96–1346).

Section 666 "does not require the government to demonstrate the federal character of the stolen property. The statute addresses the relationship between the federal government and the local government from which the property was stolen, not the relationship between the federal government and the converted property." *United States v. Valentine*, 63 F.3d 459, 464 (6th Cir.1995); *see also United States v. Coyne*, 4 F.3d 100, 108 (2d Cir.1993), *cert. denied*, 510 U.S. 1095, 114 S.Ct. 929, 127 L.Ed.2d 221 (1994); *United States v. Simas*, 937 F.2d 459, 463 (9th Cir. 1991); *United States v. Little*, 889 F.2d 1367, 1369 (5th Cir.1989), *cert. denied*, 495 U.S. 933, 110 S.Ct. 2176, 109 L.Ed.2d 505 (1990).

In *United States v. Pretty*, 98 F.3d 1213 (10th Cir.1996), the State deputy treasurer was convicted of violating 18 U.S.C. § 666. The defendant argued that § 666 did not apply to her because she was only an agent to the Treasurer and there was no evidence

that the Treasurer received federal assistance in excess of $10,000. *Id.* at 1219. However, the court found that the defendant was also an agent of the State, which did receive federal assistance in excess of $10,000. *Id.* Thus, the court opined that § 666 applied to the defendant, even though the actual funds at issue could not be traced to a federal program. *Id.*

Similarly, Madrzyk is an agent of the City, as well as the City Council. Thus, if the City received federal assistance in excess of $10,000 during the relevant years, § 666 is applicable to Madrzyk, regardless of whether the City Council or the Special Events Committee received federal assistance. The only remaining issue then is whether the Government can show that the City received federal assistance in excess of $10,000 during the relevant years.

There can be no doubt that the City receives federal assistance in excess of $10,000, in any given year. Deloitte & Touche's Independent Auditors' Report on the Supplementary Schedules of Federal Financial Assistance on behalf of the City states that the City received in excess of six million dollars in the year ended December 31, 1995. Thus, pursuant to Fed.R.Evid. 201(b), the court takes judicial notice that the City receives federal assistance in excess of $10,000 in any given year. As such, the government can present evidence to show that the City received federal assistance in excess of $10,000 during the relevant years.

### III. CONCLUSION

The superseding indictment, charging Madrzyk for violation of 18 U.S.C. § 666, properly alleges every element of that offense. More importantly, the Government can present evidence to show every element of a § 666 violation. Therefore, the court denies Madrzyk's motion to dismiss.

IT IS SO ORDERED.