Henry L. FRANKLIN, Plaintiff,

v.

COUNTY OF RIVERSIDE, Victor Goodson, # 2120, individually and as a peace officer, Paul Aguirre, # 1637, individually and as a peace officer, Larry Smith, individually and as a Sheriff of Riverside County, and Does 1–20, Defendants.

No. CV 96–5289–SVW(RC).

United States District Court,
C.D. California.

July 18, 1997.

Henry L. Franklin, Riverside, CA, pro se.

Aaron Hancock, Roberts & Morgan, Riverside, CA, Timothy T. Coates, Greines, Martin, Stein & Richland, Beverly Hills, CA, for Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

WILSON, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as plaintiff's objections filed July 10, 1997, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) defendants' motion to dismiss is granted; and (3) Judgment shall be entered dismissing without prejudice the complaint and action against the defendants.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

### REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### BACKGROUND

**I**

On November 20, 1996, Henry L. Franklin, then a state prisoner proceeding *pro se,* filed a civil rights complaint under 42 U.S.C. § 1983 against defendants the County of Riverside ("County"), Riverside County Sheriff Larry Smith, Deputy Sheriffs Victor Goodson and Paul Aguirre, Sergeant David Weiss, and Does 1–20. The gravamen of the complaint was that defendants Goodson and Aguirre used excessive force when they unlawfully arrested plaintiff on July 23, 1995; that defendants County and Smith have not adequately trained deputy sheriffs and have failed to discipline deputy sheriffs who use excessive force against African–American males; and that defendant Goodson perjured himself in testimony before the California Superior Court and made false statements in police reports. The plaintiff sought various forms of relief, including vacating his criminal conviction, reinstatement of his California state employment and teaching credentials, restoring his "reputation and good standing

in the community," criminal prosecution of defendant Goodson, and monetary damages.

On December 16, 1996, Magistrate Judge Rosalyn M. Chapman dismissed *sua sponte* the complaint, with leave to amend, for failure to state a cause of action under Section 1983. To assist plaintiff in amending the complaint, Judge Chapman also noted the serious deficiencies in the complaint, including a potential statute of limitations problem and failure to comply with the requirements of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

On February 27, 1997, the plaintiff filed a Second Amended Complaint ("SAC") against defendants County, Goodson, Aguirre, and Smith.[1] The following three causes of action are set forth in the SAC: (1) a cause of action against defendants Goodson, Aguirre and Does 1–10 for subjecting the plaintiff to excessive and unreasonable force and conspiring to cover up their actions, in violation of the First and Fourth Amendments; (2) a cause of action against defendants County and Smith for maintaining a custom and policy that violated the plaintiff's First and Fourth Amendment rights; and (3) a cause of action against defendants Goodson, Aguirre and Does 1–10 for conspiracy to deprive plaintiff of his equal protection and due process rights and privileges and immunities. SAC, at 3:20–9:5. All three causes of action stem from events on July 23, 1995, when plaintiff was arrested by defendants Goodson and Aguirre. *Id.* The plaintiff seeks general damages of $5 million, special and punitive damages, and other relief. SAC 9:8–17.

**II**

On March 7, 1997, the defendants filed a Motion to Dismiss the Second Amended Complaint, with Request for Judicial Notice. On March 25 and 28, 1997, the plaintiff filed an opposition to the motion to dismiss.[2] The defendants filed a reply memorandum on April 1, 1997. The plaintiff filed a Request for Judicial Notice, with the declaration of Joshua Needle, on April 17 and 18, 1997, and defendants filed an opposition to the Request on April 25, 1997. On May 1, 1997, the plaintiff filed a reply (erroneously entitled opposition) to defendants' opposition. On May 5, 1997, the defendants filed a "reply" to the plaintiff's reply.

Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of court documents in *People v. Franklin,* case no. 327986, Consolidated Municipal/Superior Courts of Riverside County. Mr. Needles' declaration, proffered by the plaintiff, does not come within the parameters of Fed.Rule of Evid. 201(b) and, thus, is stricken.

**DISCUSSION**

**III**

A motion to dismiss should be granted when it is clear that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Jacobson v. Hughes Aircraft Co.,* 105 F.3d 1288, 1292 (9th Cir.1997); *Everest & Jennings, Inc. v. American Motorists Ins. Co.,* 23 F.3d 226, 228 (9th Cir.1994). In considering the motion to dismiss, the court must accept the allegations of the complaint as true. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232; *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); *Smilecare Dental Group v. Delta Dental Plan of California, Inc.,* 88 F.3d 780, 782–83 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 583, 136 L.Ed.2d 513 (1996). However, a court need not accept as true matters judicially noted, and the "court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn,* 56 F.3d 1128, 1129 n. 1 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 418, 133 L.Ed.2d 336 (1995).

The court also must construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in

---

1. Defendant David Weiss is not named in the Second Amended Complaint.

2. On March 28, 1997, the plaintiff also filed a Motion for Summary Judgment; however, he withdrew this motion on April 14, 1997.

the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam); *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988).

## IV

The defendants contend that the plaintiff's Second Amended Complaint should be dismissed without prejudice under *Heck v. Humphrey.* In *Heck,* the Supreme Court held that a civil rights suit for monetary damages which "must necessarily imply the invalidity of [plaintiff's] conviction or sentence" is not cognizable under Section 1983, stating:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ... [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff must necessarily imply the invalidity of his conviction or sen-

tence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 486–87, 114 S.Ct. at 2372; *See also Edwards v. Balisok,* —— U.S. ——, ——, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906, 65 USLW 4359 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily impl[ies] the invalidity of the punishment imposed, is not cognizable under § 1983").

The judicially noticed documents establish that on April 11, 1996, the plaintiff was convicted in the Consolidated Superior/Municipal Courts of Riverside County of misdemeanor violations of California Penal Code ("P.C.") § 148[3] (obstructing a peace officer), P.C. § 241(b)[4] (assault on a peace officer), and P.C. § 422[5] (making terrorist threats). Defendants' Notice of Lodging of Documents in Support of Motion to Dismiss First Amendment Complaint ("Documents"), Exh. 4. Under California law, an essential element to establish the prima facie violation of P.C. § 148 or P.C. § 241(b) is that the assault or obstruction of the peace officer (or other named official) must occur while the officer is engaged in the performance of his duties. *People v. Delahoussaye,* 213 Cal. App.3d 1, 7, 261 Cal.Rptr. 287 (1989) (§ 241(b)); *People v. Olguin,* 119 Cal.App.3d 39, 44, 173 Cal.Rptr. 663 (1981) (§ 148); *People v. White,* 101 Cal.App.3d 161, 166, 161

---

**3.** P.C. § 148(a) provides that "[e]very person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician ... in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not exceeding one year, or by both such fine and imprisonment."

**4.** P.C. § 241(b) provides that "[w]hen an assault is committed against the person of a peace officer ... engaged in the performance of his or her duties ... and the person committing the offense knows or reasonably should know that the victim is a peace officer ... engaged in the performance of his or her duties, ... the assault is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in the county jail

not exceeding one year, or by both the fine and imprisonment."

**5.** P.C. § 422 provides that "[a]ny person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison."

Cal.Rptr. 541 (1980) (§ 148). However, a peace officer is not engaged in the performance of his duties, within the meaning of these statutes, if he arrests a person unlawfully or **uses excessive force in making the arrest.** *People v. Curtis,* 70 Cal.2d 347, 354, 74 Cal.Rptr. 713, 717, 450 P.2d 33 (1969); *Delahoussaye,* 213 Cal.App.3d 1, 261 Cal. Rptr. 287; *People v. Jones,* 119 Cal.App.3d 749, 755–56, 174 Cal.Rptr. 218 (1981); *White,* 101 Cal.App.3d at 167, 161 Cal.Rptr. 541; *People v. Moreno,* 32 Cal.App.3d Supp. 1, 8, 108 Cal.Rptr. 338 (1973). Therefore, if a peace officer uses excessive force to make an arrest, that arrest is unlawful and the arrestee cannot be convicted of violating either P.C. § 148 or P.C. § 241(b). *Delahoussaye,* 213 Cal.App.3d at 7, 261 Cal.Rptr. 287; *Olguin,* 119 Cal.App.3d at 45, 173 Cal.Rptr. 663; *See also White,* 101 Cal.App.3d at 167, 161 Cal.Rptr. 541 (stating that "in the present case it becomes essential for the jury to be told that if they found the arrest was made with excessive force, the arrest was unlawful and they should find the defendant not guilty of those charges which required the officer to be lawfully engaged in the performance of his duties").

■ Here, the plaintiff claims that he was subjected to excessive and unreasonable force by defendants Goodson and Aguirre when he was beaten and sprayed with "OC gas" during his arrest on July 23, 1995; that defendants Goodson and Aguirre further conspired to cover up their use of excessive force; and that these injuries occurred as the result of the unconstitutional policies of defendants County and Smith. SAC, at 3:20–9:5; *See also* Documents, Exhs. 3, 6, 8 (alleging that the arresting officers used excessive force during plaintiff's arrest). Thus, for the plaintiff to recover under his claims, he must demonstrate that defendants Goodson and Aguirre used excessive force when they arrested him. Accordingly, the plaintiff's claims "necessarily imply the invalidity of [plaintiff's] conviction[s]" and are barred by

Heck until such time as plaintiff can show that his convictions have been reversed, expunged, or otherwise declared invalid. *Heck,* 512 U.S. at 486–87, 114 S.Ct. at 2372; *See also Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir.1996) (noting that a plaintiff convicted of battery of a peace officer could not maintain a Section 1983 action for excessive force "[b]ecause self-defense is a justification defense to the crime of battery of an officer, [and the plaintiff's] claim that [the police officers] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer"); *Crooms v. P.O. Mercado, No. 41,* 955 F.Supp. 985, 988 (N.D.Ill.1997) (holding that "Heck bars [the plaintiff's] section 1983 action because a successful prosecution of his section 1983 claim would necessarily imply that his criminal conviction for resisting a peace officer was wrongful").

The plaintiff argues, among other things, that Heck does not preclude his action, citing *Smithart v. Towery,* 79 F.3d 951 (9th Cir. 1996) (per curiam), in which the Ninth Circuit held that Heck did not bar the plaintiff's claim that defendant police officers had used excessive force to effectuate an arrest, finding that, in this instance, "a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction" under Nevada law for assault with a deadly weapon.[6] *Id.* at 952–53. However, Smithart is inapplicable here because a conviction for assault with a deadly weapon under Nevada law does not have an essential element that the peace office (if any) be performing his duties so that use of excessive force during arrest must necessarily invalidate the conviction. The plaintiff also cites a pre-*Heck* case, *Hernandez v. City of Los Angeles,* 624 F.2d 935 (9th Cir.1980), to support his claim that his petition is not barred under *Heck.* In *Hernandez,* the Ninth Circuit determined that since the jury that convicted Hernandez of violating P.C. § 148

---

6. Nev.Rev.Stat. § 200.471.1(a) defines assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," and § 200.471.2(b) states that "[a] person convicted of assault shall be punished: ... [i]f the assault is made with use of a deadly weapon, or the present ability to use a deadly weapon, for a category B felony by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years, or by a fine of not more than $5,000, or by both fine and imprisonment."

did not have to necessarily conclude that the arresting officers did not act with excessive force, collateral estoppel did not bar the plaintiff from litigating this issue in a Section 1983 action. *Id.* at 937–38. In light of *Heck*, however, it is highly questionable whether *Hernandez* is still good law; a finding that excessive force was used to arrest the plaintiff would, of necessity, undermine the validity of the plaintiff's convictions under P.C. §§ 148 and 241(b). Lastly, the plaintiff also argues that, because his claims against defendant Aguirre are based on defendant Aguirre's failure to intervene in defendant Goodson's alleged use of excessive force, Heck is inapplicable to his claims against defendant Aguirre. There is no merit to this argument. To find defendant Aguirre liable, it still would be necessary for the plaintiff to demonstrate that defendant Goodson utilized excessive force in arresting him.

Finally, because the plaintiff's allegations necessarily imply the invalidity of his convictions, his claims have not accrued at this time. *Heck,* 512 U.S. at 489–90, 114 S.Ct. at 2374; *Alvarez–Machain v. United States,* 107 F.3d 696, 699 (9th Cir.1996), *petition for certiorari filed* (May 28, 1997) (No. 96–1890); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995).

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order (1) approving and adopting this Report and Recommendation; (2) granting defendants' motion to dismiss; and (3) dismissing without prejudice the plaintiff's claims against the defendants, and entering Judgment accordingly.

DATE: July 1, 1997.