S.R. CURRY

v.

Leroy D. BACA, et al.

No. CV 04 9992 VBF(JWJX).

United States District Court,
C.D. California.

July 23, 2007.

Stephen Yagman, Marion R. Yagman, Joseph Reichmann, Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff.

David D. Lawrence, Paul B. Beach, Justin Clark, Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendants.

FAIRBANK, District Judge.

PROCEEDINGS (IN CHAMBERS): RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO ABATE PROCEEDINGS PENDING RESOLUTION OF STATE PROCEEDINGS

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7–15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 23, 2007 at 1:30 p.m. is hereby vacated and the matter taken off calendar.

The Court has read and considered Defendants' Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) or, in the Alternative, to Abate Proceedings Pending Resolution of State Proceedings. The Court has also read and considered the Opposition and Reply papers filed in response. The Court grants Defendants' Request for Judicial Notice of Exhibits A and B. After considering the papers filed, and the applicable legal authorities cited, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Judgment on the Pleadings.

Specifically, the Court makes the following rulings:

(1) Defendants' Motion for Judgment on the Pleadings is DENIED without prejudice as to Plaintiff's First, Second, and Third Causes of Action. Despite the strength of the arguments made by Defendants based on the authority of *Heck v. Humphrey*, the cases cited by Defendants considering the application of *Heck*, though relevant, do no provide sufficient support for Defendants' Motion at this time. In this case, unlike in *Heck*, the Court cannot, based on the record before it, conclude that Plaintiff's civil rights suit would *"necessarily* imply the invalidity of the [plaintiff's] conviction or sentence."

512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (emph.added).

The case of *Walker v. Fresno Police Dep't*, 2006 WL 1084778 (E.D.Cal.2006), cited by Defendants in their Reply, is distinguishable because it was decided in the context of summary judgment, with a full factual record. Although *Franklin v. County of Riverside*, 971 F.Supp. 1332 (C.D.Cal.1997), also cited in Defendants' Reply, was decided at the pleading stage, it is distinguishable because the plaintiff in that case claimed that he was subjected to excessive and unreasonable force *during* his arrest. *Id.* at 1336. The Fifth Circuit made a similar finding in *DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). The Fifth Circuit concluded that "DeLeon's excessive force claims are inseparable from the rest," finding that the plaintiff alleged a single violent encounter throughout which the police allegedly used excessive force. The pleadings in this case, unlike *DeLeon*, do not permit such a finding at this time.

This ruling is without prejudice to Defendants' right to seek judgment as to these Section 1983 causes of action later in these proceedings when the Court can consider evidence beyond the pleadings, e.g. in the context of a motion for partial summary judgment.

(2) Defendants' Motion for Judgment on the Pleadings is GRANTED with leave to amend as to Plaintiff's Fourth and Fifth Causes of Action, on the ground that Plaintiff fails to allege the requisite elements of a RICO cause of action, namely, that Defendants engaged in at least two acts of "racketeering activity," as that term is defined under 18 U.S.C. § 1961(1). Plaintiff shall have twenty (20) days leave to amend and Defendants shall have 20 days to respond.

(3) The Motion of Defendant Leroy Baca in his *official capacity* for Judgment

on the Pleadings as to Plaintiff's Fourth and Fifth Causes of Action is GRANTED without leave to amend.

(4) Defendants' alternative request that the Court abate proceedings pending resolution of state proceedings is DENIED.

*DISCUSSION*

Plaintiff S.R. Curry ("Plaintiff") has filed the instant civil rights action against Sheriff Leroy Baca, William Stonich, Michael Antonovich, Yvonne Burke, Gloria Molina, Don Knabe, Zev Yaroslavsky, Joseph Garrido, Agostino Brancanto, and Lieutenant Jack Jordan based on events that took place on November 29, 2004.[1] These same events were the subject of a recent state criminal proceeding in which Plaintiff was convicted by a jury of two counts of assault on a peace officer/firefighter with a semiautomatic firearm, and one count of possession of a firearm by a felon with a prior conviction. (*See* Exs. A [felony complaint for arrest warrant] and B [certified criminal docket] to Def. RJN.) Plaintiff's Complaint asserts the following claims: (1) a Section 1983 claim (unconstitutional search and seizure and excessive force in violation of the Fourth and Fourteenth Amendments); (2) a Section 1983 conspiracy claim; (3) a Section 1985 conspiracy claim; (4) a claim based on the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"); (5) a RICO conspiracy claim; and (6) state law claims for false arrest, false imprisonment, assault, and battery.[2]

Now that the state criminal proceeding is concluded, Defendants Baca, Stonich, Garrido, Bancanto, and Jordan ("Defendants") have filed a Motion for Judgment on the Pleadings Under FRCP 12(c), or, in the Alternative, to Abate Proceedings Pending Resolution of State Proceedings.

### A. Legal Standard

Rule 12(c) states, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions to dismiss: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Schwarzer, et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, § 9:335 (The Rutter Group 2007).

Rule 12(c) does not specifically authorize a motion for judgment on the pleadings directed to less than the entire complaint

---

1. Plaintiff alleges that on November 29, 2004, Deputies Garrido and Brancanto made an illegal entry onto private property, "assaulted the plaintiff, chased him, and then cold-bloodedly shot him numerous times, thereby using excessive force against him and thereby attempting to murder him." (Compl., ¶¶ 11–12.) Plaintiff also alleges that the officers tried to cover up their murder attempt, planted a gun in the vicinity of the shooting, and later "discover[ed]" the gun. (Compl., ¶ 14.)

2. On February 7, 2005, Defendants filed a Motion to Dismiss and to Abate Proceedings Pending Resolution of State Criminal Action. Given that Defendants had previously filed an Answer, the Court (Judge Cooper) treated Defendants Motion to Dismiss as a Motion for Judgment on the Pleadings. The Court granted Defendants' Motion in part, dismissing without prejudice Plaintiff's state law claims, and stayed the action pending resolution of the state court criminal proceeding against Plaintiff. (*See* Order, Feb. 10, 2005.) On May 12, 2006, Plaintiff was convicted by a jury of three of the four counts on which he was charged. (*See* Ex. B to Def. RJN, at 25.) The criminal proceeding concluded thereafter on October 4, 2006 when Plaintiff was sentenced to twenty five (25) years, four months in state prison. (*See* Motion for Judgment on Pleadings, at 2; Ex. B to Def. RJN, at 28–29.) This Court lifted the stay on April 23, 2007. (*See* Scheduling Order, Apr. 23, 2007.)

or answer. Nor does it specifically prohibit such a motion. It is the practice of many judges to permit "partial" judgment on the pleadings, if appropriate. Moreover, courts have discretion to grant a Rule 12(c) motion with leave to amend; courts also have discretion simply to grant dismissal of the action instead of entry of judgment. *Id.* at §§ 9:340, 9:341 (The Rutter Group 2007).

### B. *Analysis*

The case law addressing the application of *Heck* in the context of § 1983 actions is highly fact specific. Although a general reading of *Heck* appears to support Defendants' position that Plaintiff's Section 1983 action is barred as a matter of law, subsequent Ninth Circuit cases interpreting *Heck* reach differing results based exclusively on the facts presented. In considering these Ninth Circuit cases and the facts presented therein, and applying the relevant legal standards to the instant action, the Court finds that Defendants have failed to establish that they are entitled to judgment as a matter of law on Plaintiff's Section 1983 action.

### 1. *Defendants Fail to Establish that Plaintiff's Section 1983 Action is Barred by Heck v. Humphrey*

In *Heck v. Humphrey,* the Supreme Court held that where the facts underlying both a criminal conviction or sentence and a § 1983 action are the same, "no cause of action under Section 1983 [exists] unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the district court dismissed a Section 1983 action without prejudice because the issues it raised "directly implicate[d] the legality of [plaintiff's] confinement." *Id.* at 479, 114 S.Ct. 2364. The Supreme Court, in reviewing the Seventh Circuit's affirmance,

held that a Section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Heck,* 512 U.S. at 490, 114 S.Ct. 2364. Specifically, the Court stated:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487, 114 S.Ct. 2364 (emph. added in part).

Here, *Heck* has direct application to Plaintiff's Section 1983 cause of action for damages because Plaintiff's state criminal conviction is based on the same set of facts as is his Section 1983 action, and Plaintiff's criminal conviction has not been invalidated. In order to be convicted under California Penal Code § 245(d)(2) (assault on a peace officer with a firearm), which Plaintiff was, the prosecution must establish that the peace officer was "engaged in the [lawful] performance of his or her duties" at the time of the arrest. Cal.Penal Code § 417(c); *see also Smith v. City of Hemet,* 394 F.3d 689, 695 (9th Cir.2005) (analyzing applicability of *Heck* defense and stating that "in California, the lawfulness of the officer's conduct is an essential element of the [alleged] offense."); *People v. Simons,* 42 Cal.App.4th 1100, 1108, 50 Cal.Rptr.2d 351 (1996). In his Complaint, Plaintiff alleges that the officers who arrested him,

Defendant Deputies Garrido and Brancanto, used excessive force against him. (Compl., ¶ 12.) Because unreasonable and excessive force in effecting arrest constitutes a public offense, Plaintiff's allegation necessarily implies that the arrest was unlawful. *See People v. Olguin*, 119 Cal. App.3d 39, 45, 173 Cal.Rptr. 663 (1981) (holding "an arrest made with excessive force is equally unlawful. [It] is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest.") (internal citation omitted). As Defendants aptly assert, a determination that the defendant officers used excessive force when attempting to arrest Plaintiff would imply that the element of being engaged in the lawful performance of their official duties was not satisfied, and that the conviction under California Penal Code § 245(d)(2) is invalid. *See Heck*, 512 U.S. at 487, 114 S.Ct. 2364; Motion for Judgment on Pleadings, at 4. Such a conclusion is in direct contravention of the Court's holding in *Heck*.

However, as Plaintiff points out in his Opposition, there is Ninth Circuit case law addressing the application of *Heck* in the context of Section 1983 suits, wherein the court found that *Heck* did not operate to bar the Section 1983 suit even in the face of underlying convictions that had not been invalidated. (Pl. Opp., at 7–9.) These cases present a difficult issue to be decided by this Court, but ultimately they support a finding that, based on the factual evidence presented, *Heck* does not operate to bar Plaintiff's Section 1983 action at this time based on the pleading.

In *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir.2005), Plaintiff filed a Section 1983 complaint alleging that defendant officers used excessive force when they sprayed him with pepper spray and sicced a police canine on him. The plaintiff, in a separate state criminal suit, pled guilty to willfully resisting, delaying, or obstructing a peace officer in the discharge of his or her office or employment based on this same incident. *Smith*, 394 F.3d at 694. The officers moved for summary judgment on several grounds, among them that *Heck* barred plaintiff's Section 1983 action. The plaintiff responded that the defendants unlawfully used excessive force against him *after* he had committed the acts on which his conviction was based, and thus a ruling in his favor would not imply that his conviction was invalid. *Id.* at 696. In concluding that *Heck* did not bar the plaintiff's Section 1983 action, the Ninth Circuit held:

> Smith engaged in at least three or four acts in violation of § 148(a)(1) before the officers used force against him. These acts of willful resistance, delay, or obstruction occurred prior to the time that the officers had determined to arrest him for any criminal conduct. Indeed, they occurred in the course of the officers' lawful performance of their duty to *investigate* whether an offense had occurred. The acts by Smith include twice refusing to take his hands out of his pockets, reentering his home once; repeatedly refusing to put his hands on his head and come down off the porch, and, finally refusing to put his hands on his head and turn around. Each of these acts constituted a violation of § 148(a)(1) sufficient to warrant the filing of a criminal charge. Each could support a conviction under that section for obstructing the criminal investigation.
>
> . . .
>
> Under Heck, Smith would be allowed to bring a § 1983 action, however, if the use of excessive force occurred *subsequent to* the conduct on which his conviction was based. Specifically, Smith would be entitled to proceed below if his conviction were based on unlawful behavior that took place while he stood alone and untouched on his porch-that

is, if his unlawful conduct occurred while the officers were attempting to investigate his wife's complaint. In such case, a judgment in Smith's favor would not necessarily conflict with his conviction because his acts of resistance, delay, or obstruction would have occurred while the officers were engaged in the lawful performance of their investigative duties, not while they were engaged in effecting an arrest by the use of excessive force.

*Id.* at 697–98: As Plaintiff aptly points out, *Smith* reads a temporal requirement into the application of *Heck* in Section 1983 actions.

In the instant action, Plaintiff alleges that following an unlawful entry on to his property, Defendant Deputies "assaulted [him], chased him, and then cold-bloodedly shot him numerous times, thereby using excessive force against him, and thereby attempting to murder him." (Compl., ¶ 12.) However, Defendants have not established, other than by way of conclusory statements, that the acts alleged occurred during the course of effecting Plaintiff's arrest. Without specific factual evidence concerning the circumstances under which the arrest took place, Defendants' blanket assertions that *Heck* bars Plaintiff's Section 1983 action because (1) his convictions required proof that Defendants acted lawfully at the time of the arrest, (2) it is unreasonable for a peace officer to use excessive force in effecting an arrest, and (3) Plaintiff's allegations of excessive force in the instant action necessarily imply the invalidity of his criminal convictions, are insufficient to establish that Defendants are entitled to judgment as a matter of law.

In *Smithart v. Towery,* 79 F.3d 951 (9th Cir.1996) (per curiam), a prisoner who had pleaded guilty to charges of assault with a deadly weapon and whose conviction had not been reversed, expunged, invalidated, or called into question by issuance of writ of habeas corpus brought a federal civil rights action against officers based on alleged use of excessive force. The court, without explanation, held that the plaintiff's claims alleging use of excessive force were not barred under *Heck* because "a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction." *Smithart,* 79 F.3d at 952. Though it is unclear on what basis the Ninth Circuit arrived at its decision, it appears to rest in part on. Smithart's allegations that defendants used force far greater than that required for his arrest, and out of proportion to the threat he posed to defendants. *Id.* Smithart alleged that the defendant officers "assaulted, arrested, handcuffed, and beat Smithart with their batons, feet, and fists. Defendants allegedly beat Smithart 'beyond recognition with unnecessary force' until Smithart, an unarmed fifty-nine year-old Native American, had a broken arm, two broken legs, numerous contusions, and internal injuries." *Id.*

In the instant case, Plaintiff alleges that Defendants Broncanto and Garrido "assaulted [him], chased him, and then cold-bloodedly shot him. numerous times ... thereby attempting to murder him." (Compl., ¶ 12.) Defendants do not offer any argument or provide any evidence-nor could they properly do so at this stage in the proceedings-supporting a conclusion that the amount of force used was proportionate to the threat posed by Plaintiff. However, insofar as "lawful performance of official duties" was a requisite element to be proved by the prosecution in Plaintiff's criminal action, and because excessive force constitutes unlawful action, *Olguin,* 119 Cal.App.3d at 45, 173 Cal.Rptr. 663, Plaintiff's criminal conviction for assault on a peace officer with a deadly weapon necessarily required a finding of reasonable force. Any finding to the contrary under

Plaintiff's Section 1983 action would implicate the validity of Plaintiff's criminal conviction, thereby running afoul of *Heck*. Thus, on this basis *Smithart* appears factually distinct and unsupportive of Plaintiff's position that *Heck* does not operate to bar his Section 1983 action.

Finally, Plaintiff relies on *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir.1998) in support of his position that *Heck* does not operate to bar his Section 1983 action. In *Cabrera*, Plaintiff brought a Section 1983 action against city and police officers, asserting claims of false arrest and imprisonment, excessive force, cover-up of alleged Fourth Amendment violations, and malicious prosecution. Plaintiff's civil rights action followed his earlier conviction, based on the same events, for disturbing the peace. *Cabrera*, 159 F.3d at 377. In evaluating Plaintiff's claims for use of excessive force and official cover-up of the alleged Fourth Amendment violations, the Ninth Circuit, again without explanation for its decision, held that such claims, "if successful, would not necessarily imply the invalidity of [Plaintiff's] conviction." [3] *Id.* at 380–81.

Although the rationale for the court's holding in *Cabrera*-as concerns the excessive force and cover up claims-is unclear, at the very least the case supports the conclusion that a blanket application of *Heck* in cases involving underlying criminal convictions that are based on the same facts as the Section 1983 action but have yet to be invalidated is not necessarily appropriate, as Defendants suggest.

For these reasons, the Court denies Defendants' Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action for violation of 42 U.S.C. § 1983.

■ With respect to Plaintiff's conspiracy claims under Sections 1983 and 1985 (Counts II and III), they do appear to be barred under the reasoning espoused in *Heck* insofar as they rely on allegations that Defendants attempted to "cover-up" the absence of an actual gun used by Plaintiff, and instead discovered a "throw away" gun at the scene of the crime. (*See* Compl., ¶ 14.) In addition to his two convictions for assault on a peace officer, Plaintiff was convicted of one count of possession of a firearm by a felon. (*See* Ex. B to Def. RJN, at 26.) Plaintiff's convictions for assault with a semi-automatic firearm upon a peace officer required the prosecution to establish that plaintiff used, exhibited and possessed a firearm. (*See* Cal.Penal Code § 245(d)(2); Motion, at 4.) Thus, a determination in this case that Defendant Deputies unlawfully planted and tainted the firearm introduced at Plaintiff's criminal trial to cover up their wrongful use of excessive force would impermissibly imply that the resulting convictions are invalid. Again, such a conclusion would run afoul of the holding in *Heck*. However, to the extent Plaintiff's conspiracy claims rely on allegations that Defendants conspired to use excessive force against Plaintiff, they would not be barred under *Heck* for the same reasons discussed above. (*See* Compl., ¶ 18 [alleging that "there was an agreement or understanding between or among defendants to engage in *all of the conduct alleged herein to be wrongful* . . . ."].)

For these reasons, the Court denies Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Second and Third Causes of Action for conspiracy in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Taking the allegations set forth in

---

**3.** Notably, the court also stated "[w]hile it is questionable whether *Heck*'s holding would command a majority of the Supreme Court today, . . ., *Heck* remains good law." *Cabrera*, 159 F.3d at 380 n. 6.

the Complaint as true, and following consideration of the applicable case law, Defendants have not demonstrated that they are entitled to judgment as a matter of law. *See* Schwarzer, CAL. PRAC. GUIDE, § 9:335.

Although Defendants assert that Plaintiff's RICO and RICO conspiracy claims are likewise barred under the Supreme Court's holding in *Heck*, the Court refuses to adopt the same conclusion in light of *Heck*'s specific application to Section 1983 cases. Moreover, because there are separate legal grounds on which to dismiss Plaintiff's RICO claims, the Court finds it unnecessary to analyze by analogy whether *Heck* also applies in civil actions asserting violations of RICO.

2. *Plaintiff's Fourth and Fifth Causes of Action for Violations of the RICO Act are Barred as a Matter of Law Because Plaintiff Has Failed to Adequately Allege the Requisite Elements of the Offense*

RICO grants a private right of action to any person "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Liability under § 1962(c) requires proof of: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). "Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code. *See* 18 U.S.C. § 1961.[4]

a. *Plaintiff Has Adequately Pleaded Standing to Maintain a RICO Cause of Action*

It is well-settled that personal injuries are not compensable under RICO. *See Oscar v. Univ., Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir.1992). The Ninth Circuit has held that "[w]ithout a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir.2005).

Plaintiff's Complaint alleges that Plaintiff was kidnapped on November 29, 2004, and that this kidnapping and false arrest purportedly injured Plaintiff's person and property, including loss of wages and employment opportunities. (Compl., ¶¶ 24–29.) However, Plaintiff's Complaint does not allege the elements of a kidnapping claim, and fails to state, in other than conclusory fashion, the injury to his interest in employment. (*See* Motion for Judgment on Pleadings, at 7.) Notwithstanding these deficiencies, under Federal Rule of Civil Procedure 8(a)'s liberal pleading standard Plaintiff's allegations arguably satisfy the standing requirement under the RICO Act.

b. *Plaintiff's RICO Action Does Not Fail On the Basis that Public Entities Cannot Be Held Liable Under RICO, Because Plaintiff Has Sued Defendants in Both their Official and Individual Capacities*

Defendants assert that because public entities cannot form the requisite criminal

---

**4.** Plaintiff's Complaint merely mirrors the statute's language in alleging a violation of the RICO Act, and fails to set forth allegations showing that Defendants acquired or maintained control of the alleged enterprise through a pattern of racketeering activity.

(*See* Compl., ¶ 22; Motion for Judgment on Pleadings, at 5; *see also* 18 U.S.C.1962(b) [prohibiting any person from acquiring or maintaining an interest in an enterprise through a pattern of racketeering activity].)

intent to commit a RICO violation, and because suits against public employees-like individually named defendants in their official capacities-are the same as suits against the County of Los Angeles, it is impossible for Plaintiff to allege a valid RICO cause of action against Sheriff Leroy Baca. (Motion for Judgment on Pleadings, at 7–8; Reply, at 9–11.)

■ In *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir.1996), the Ninth Circuit summarily rejected residential tenants' RICO claims against the City of Honolulu. In doing so, the court unequivocally reiterated its previous holding that " 'governmental entities are incapable of forming [the] malicious intent necessary to support a RICO action.' " *Pedrina*, 97 F.3d at 1300 (quoting *Lancaster Comm. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir.1991)).

What is more, the Supreme Court has repeatedly held that suits against a public official in his official capacity equate to suits against the government body itself and therefore will not lie. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office");[5] *Karcher v. May*, 484 U.S. 72, 78, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987) ("the real party in interest in an official capacity suit is the entity represented and not the individual office holder"); *Brandon v. Holt*, 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (a complaint naming a government official in his or her official capacity seeks recovery against the government body itself).

Plaintiff contends that because he did not name the County of Los Angeles as a defendant in his Complaint, RICO actions against Defendants in their official capacities will lie. (Pl. Opp., at 14–15.) Plaintiff's position lacks merit. Under the line of cases discussed above, Defendants accurately assert that Plaintiff's RICO cause of action against Defendant Baca in his official capacity equates to a RICO suit against the County of Los Angeles. (Motion for Judgment on Pleading, at 8.) This conclusion is buttressed by the fact that *Brandon* did not involve a RICO suit against a public entity and yet the Court still held that official capacity suits equate to public entity suits, and are therefore impermissible. 469 U.S. at 469, 105 S.Ct. 873. *However*, because Plaintiff has sued Defendants in both their official *and* individual capacities, Plaintiff's RICO causes of action do not completely fail against Defendant Baca. (*See* Compl., ¶ 5.) Only Plaintiff's cause of action against Defendant Baca in his official capacity is barred as a matter of law.

c. *Plaintiff Fails to Allege the Requisite Elements of a RICO Cause of Action*

A civil RICO claim does not lie unless a plaintiff alleges facts that, if taken as true, amount to "racketeering activity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991). The Ninth Circuit, in analyzing four seminal Supreme Court RICO cases, has held that "the general instruction [is] that we should not read the statutory terms of RICO narrowly. Rather . . . RICO should be liberally construed to effectuate its remedial purposes." *Odom v. Microsoft*

---

5. *Will* distinguished between official capacity suits seeking injunctive relief and those seeking monetary relief. In the former instance, a state official in his or her official capacity would be a "person" under § 1983 because official capacity suits for prospective relief are not treated as actions against the State. 491 U.S. at 71 n. 10, 109 S.Ct. 2304. Plaintiff only seeks monetary relief. (*See* Compl., ¶ 33.)

*Corp.,* 486 F.3d 541 (9th Cir.2007) (internal quotations and citations omitted).

Defendants cite to *Bowen v. Oistead,* 125 F.3d 800, 806 (9th Cir.1997), for the proposition that notwithstanding the rule of construction set down in *Odom,* the Ninth Circuit has also determined that civil rights violations are not within the definition of racketeering activity. (Motion for Judgment on the Pleadings, at 9.) Though Defendants statement of the law is accurate, *Bowen* is factually distinct from the instant case. In *Bowen,* the plaintiff's complaint alleged, as part of its RICO claim, that "the actions of the individual defendants constitutes [sic] a criminal conspiracy to deprive [Bowen] of his civil rights and to injure his reputation and standing in the community." 125 F.3d at 806. Plaintiff in the instant action has not alleged that the RICO acts complained of have affected his civil rights in any way. To the contrary, Plaintiff's Complaint sets forth separate and distinct causes of action for civil rights violations and RICO violations. Although the acts forming the basis for both causes of action are the same, Plaintiff does not allege in his RICO cause of action that his alleged civil rights violations serve as the basis for his RICO action. (*See* Compl., ¶ 20–30.)

■ Moreover, to state a claim under RICO, Plaintiff must demonstrate that Defendants engaged in at least *two* acts of "racketeering activity," as that term is defined in 18 U.S.C. § 1961(1). The acts must not only be related; they may not be isolated or sporadic. *Sun Savings & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 192 (9th Cir.1987). Plaintiff's RICO cause of action is allegedly based on the November 29, 2004 incident. However, even if this incident was true, it constitutes only a single predicate act. (*See* Motion for Judgment on Pleadings, at 10.) Plaintiff fails to allege facts concerning any other acts that would qualify as predicate acts under RICO.

Plaintiff's Complaint refers to the following acts of "racketeering": attempted murder, murder, kidnapping, extortion, and dealing in controlled substances. (Compl., ¶ 24.) Plaintiff also refers in his Opposition to allegations of mail fraud (which the Court does not find anywhere in the Complaint) and obstruction of justice. (Pl. Opp., at 22; *see also* Compl., ¶ 24.) Although such acts do constitute predicate acts under 18 U.S.C. § 1961(1), Plaintiff's RICO action nonetheless fails because even assuming Plaintiff has adequately pled predicate acts for purpose of his RICO action, he has not demonstrated the requisite "pattern" of racketeering activity. All of the acts alleged stem from a single incident occurring in November 2004, and Plaintiff does not refer to any other instances of racketeering activity. Plaintiff does allege that "Defendants unlawfully have engaged in the racketeering activities ... on perhaps 100 occasions during the past 10 years," but without more this conclusory allegation is insufficient to establish the requisite element of a pattern of racketeering activity. (*See* Compl., ¶ 29.)

In addition to failing to satisfy the requisite elements of his RICO cause of action, Plaintiff also fails to plead the requisite elements of his RICO conspiracy cause of action. Section 1962(d) prohibits anyone from conspiring to violate the provisions of 18 U.S.C. § 1962(c). Under Section 1962(d), Plaintiff must show that Defendants objectively manifested their agreement to participate in a racketeering enterprise through the commission of two or more predicate crimes. *Baumer v. Pachl,* 8 F.3d 1341, 1346–47 (9th Cir.1993). Just as the court found of the Complaint in *Baumer,* Plaintiff's Complaint in the instant action is bereft of any allegation of

"conspiracy" or "agreement." Nor are facts pled sufficient to infer such an agreement.

Plaintiff has failed to plead the requisite elements of both his RICO and RICO conspiracy causes of action (Counts Four and Five). Consequently, the Court grants Defendants' Rule 12(c) Motion for Judgment on the Pleadings with leave to amend. *See* Schwarzer, CAL. PRAC. GUIDE, §§ 9:340, 9:341 (noting courts have discretion to grant partial judgment on the pleadings or to grant a Rule 12(c) motion with leave to amend).

### 3. *Defendants Have Not Demonstrated Sufficient Justification for Reinstating a Stay.*

Defendants ask the Court to reinstate the stay that was lifted on April 23, 2007 following Plaintiff's sentencing in the underlying criminal convictions. Defendants assert that under principles of comity and federalism, a stay is again appropriate now that Defendants are informed that Plaintiff has appealed his convictions. (*See* Motion for Judgment on Pleadings, at 12–13; Clark Decl., ¶ 3.)

The Court finds that there would be no unnecessary expenditure of resources or conflicting jurisdictional issues if this Court proceeds with the instant action while Plaintiff's state criminal appeal is pending. For the reasons discussed above, an affirmation by the appellate court of Plaintiff's convictions would not, based on the record before the Court at this time, necessarily preclude Plaintiff's Section 1983 suit under *Heck.* Alternatively, a reversal on appeal of Plaintiff's convictions would make *Heck* inapplicable altogether since the rule of *Heck* relies on the existence of underlying criminal convictions, the facts of which form the basis for a subsequent § 1983 action, and which have *not* been reversed, expunged, invalidated, or called into question by issuance of writ of habeas corpus.

For these reasons, Defendants' Motion for Judgment on the Pleadings is DENIED without prejudice as to Plaintiff's First, Second, and Third Causes of Action, and GRANTED with leave to amend as to Plaintiff's Fourth and Fifth Causes of Action. Furthermore, Defendants' request that the Court stay the action pending resolution of Plaintiff's criminal appeal should be DENIED.

**IT IS SO ORDERED.**